## COOPER & CO. *v.* COATES & CO.

1. The statute of Illinois, which in trials of actions by or against partners on contracts, dispenses, in the first instance, with the necessity of proof of the partnership, applies to a case where the declaration beginning thus:

    " A., B., and C., trading as A. & Co., complain of D., E., and F., trading as D. & Co.,"

    then goes on referring, throughout, to the parties respectively, as "the said plaintiffs" and "the said defendants." The designation of the parties, as partners, in the opening of the declaration, is not a simple *designatio personarum*, and surplusage; but amounts to an averment that they contracted as partners.
2. In a suit for goods sold, when a witness proves by testimony not competent that they have been delivered, the reception of his testimony is not ground for reversal where competent *prima facie* evidence, wholly uncontradicted, and therefore conclusive, has also been given of the delivery. The defendant in such case suffers nothing by the incompetent testimony.
3. A bill of lading for goods sent to a purchaser, and not objected to by him, amounts to a liquidation of an account within the statute of Illinois, giving interest on "liquidating accounts between the parties and ascertaining the balance," there being no other transaction between the parties.
4. And a draft drawn for the price of goods sold and delivered is equivalent to a demand of payment, and, there being no proof of credit, and the bill having been received without objection, equally brings the case within the statute, which gives interest on money due and "withheld by unreasonable and vexatious delay."

ERROR to the Circuit Court for the Northern District of Illinois; the case being thus:

A statute of Illinois, relating to evidence in certain cases,* enacts as follows:

" § 11. In trials of actions upon contracts, express or implied, where the action is brought by partners, or by joint payees or obligees, it shall not be necessary for the plaintiff, in order to maintain any such action, to prove the copartnership of the individuals named in such action, or to prove the Christian or surnames of such partners, or joint payees, or obligees; but the

---

* 1 Gross's Statutes, 270.

names of such copartners, joint payees, or obligees, shall be presumed to be set forth in the declaration, petition, or bill; *Provided,*" &c.

"§ 12. In actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants as partners, or joint obligors, or payors, proof of the joint liability or partnership of the defendants, or their Christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless," &c.

Another statute—one on the subject of interest—and which fixes interest in Illinois at six per cent., prescribes the cases in which creditors shall be allowed to receive interest. This statute allows them to have it, among other cases—

"On money due on the settlement of accounts from the day of *liquidating* accounts between the parties and ascertaining the balance; . . . and on money withheld by an unreasonable and vexatious delay."

Both these statutes being in force, Charles Coates and others brought assumpsit against Charles Cooper and others, to recover the amount of five different bills of iron, weighing different weights, and alleged to have been sold and delivered on different days in January and February, 1870, by the plaintiffs, of Baltimore, Maryland, to the defendants, of Mount Vernon, Ohio.

The declaration began thus:

"Charles Coates, George Coates, and Pennock Coates, *trading as Coates & Brothers, plaintiffs,* in this suit, who are citizens of the State of Maryland, complain of Charles Cooper, George Rogers, and C. G. Cooper, who are citizens of the State of Ohio, *copartners, doing business as C. & G. Cooper & Co., defendants,* who were summoned, &c., of a plea of trespass on the case upon promises.

"For that, whereas, the said defendants on, to wit, the first day of May, 1870, at Baltimore, to wit, at Chicago, in the district aforesaid, were indebted to the plaintiffs in the sum of $5000," &c.

And throughout the rest of the declaration the parties were referred to as "plaintiffs" and "defendants," without any addition of "*as copartners as aforesaid*," or any intimation that the parties were *copartners* when the considerations were received and the promises, described in the different counts, made.

Plea: The general issue.

On the trial the plaintiffs, to prove the delivery of the iron at Mount Vernon, Ohio, offered to read in evidence the deposition of one White, an agent of the Baltimore and Ohio Railroad Company at Mount Vernon, Ohio, and in its employ during January and February, 1870. Having testified to the delivery, at the time alleged, of iron to the amounts alleged, he said on cross-examination:

"I have a distinct recollection of the iron being received at the depot, and of the same being delivered to the teamsters of C. & G. Cooper & Co., *but the time of receiving and the date of delivery,* and *the weights of the iron, I derive from papers and books.*"

The defendants objected to so much of the answers as related to the time of receiving and delivery, and the weights, on the ground that the papers and books referred to by the witness were not attached to his deposition or offered in evidence; and that the non-production was not in any manner accounted for; and on the further ground that the witness did not state, and that it did not otherwise appear that the papers and books were written or kept by him or by any one in the usual course of business. The court overruled the objections, and permitted the part of the answer objected to to be read, stating that the fair presumption was that the books and papers referred to were the books kept by the witness in the course of his business as railroad agent. The defendants excepted.

The plaintiffs then showed by several witnesses that the iron was shipped to the defendants from the plaintiffs' manufactory in Baltimore, in pursuance of written orders from the defendants to them, the orders being signed in the firm name of C. & G. Cooper & Co., and that the iron shipped

was marked C. & *J.* Cooper & Co., and shipped on board the Baltimore and Ohio Railroad by the plaintiffs so marked, at Baltimore, a few days prior to the dates mentioned in the deposition of White, and that the bills of lading for these shipments were mailed by one of the plaintiffs to C. & *J.* Cooper & Co., Mount Vernon, Ohio, and never came back to the plaintiffs to their knowledge, and that they would have known it if they had come back.

No evidence was given of any partnership of the plaintiffs, nor evidence of any express agreement on the part of the defendants, to pay any interest on the bills or account; nor express evidence that the account sued upon had been adjusted by the defendants.

It was shown, however, that the plaintiffs at Baltimore, shortly after they shipped the iron in question, had drawn a draft on the defendants, at Mount Vernon, which had been returned for non-acceptance.

The court charged the jury—

1. That it was not necessary for the plaintiffs to prove the partnership or joint liability of the defendants, because such proof was rendered unnecessary by the statute of Illinois.

2. That it was unnecessary for the plaintiffs to prove that they were partners or joint payees, because such proof was rendered unnecessary by the same statute.

3. That the jury, if they found for the plaintiffs, should allow interest in their estimates of damages on the account from the date of the receipt by the defendants of the last item of the iron, at the rate of six per cent. per annum.

Verdict and judgment having been given accordingly, the defendants brought the case here.

*Mr. S. W. Packard, for the plaintiffs in error:*

1. The evidence of White as to dates of receiving and delivery, and as to weight, were plainly inadmissible, and its reception is of itself ground of reversal.*

---

* Price *v.* The Earl of Torrington, 1 Smith's Leading Cases (7th American edition), pp. 585–575; Walter *v.* Ballman, 8 Watts, 544, Kent *v.* Garvin, 1 Gray, 148.

The statute of the State of Illinois does not take this case out of the common-law rule, that in an action *ex contractu* against several, the plaintiff at common law must prove a joint contract or liability. The act is expressly limited to actions " against two or more defendants *as partners or joint obligors or payors.*" And the Supreme Court of Illinois, in construing the act, say:

" When they are sued as partners they should be described as such in the declaration."*

The mere fact that the plaintiffs have in the commencement of their declaration added to the names of the defendants the words " copartners doing business as C. & G. Cooper & Co.," does not amount to an averment that they contracted or promised as partners. It is *descriptio personarum*, mere surplusage, and has been so held by the Supreme Court of Illinois in a similar case arising under this same statute.†

2. Interest was not allowable. In Illinois the whole subject of interest is regulated by statute, and this statute has received a construction by the courts of Illinois in *Sammis* v. *Clark et al.,*‡ a case which was for goods sold. The Supreme Court of Illinois, after citing the statute, say:

" It is a rule in the construction of statutes that the expression of one thing is the exclusion of another, and it may well be insisted, when the legislature has enumerated a variety of cases, in which creditors shall be allowed to receive interest, that it was not their intention to permit them to demand it in the cases not enumerated.

" The claim of the plaintiff is on an open account, and it is manifest they are not entitled to interest under the statute unless it be under that clause which allows interest on money withheld by an unreasonable and vexatious delay of payment.

" It follows from these positions that the simple forbearance

---

* Petrie et al. *v.* Newell, 13 Illinois, 649.

† Johnson impleaded, &c., *v.* Buell et al., 26 Illinois, 68; Neteler impleaded with Hurd *v.* Curlies et al., 18 Id. 188; Woodworth *v.* Fuller, 24 Id. 109, construing a similar statute relating to plaintiffs; Brent *v.* Shooks, 36 Id. 125.

‡ 13 Illinois, p. 544.

of the plaintiffs to proceed in the collection of their debt, from 1845 to 1848, does not show anything vexatious on the part of the defendant, or such a case as will of itself entitle the plaintiffs to interest."

Neither, in this case, can any "liquidating accounts between the parties and ascertaining the balance" be set up.

*Mr. O. K. A. Hutchinson, contra.*

Mr. Justice HUNT delivered the opinion of the court.

The objections in this case are, none of them, serious in their character.

By the rules of common law it is certainly necessary that parties who sue as co-plaintiffs, alleging themselves to be partners, shall make proof of that allegation. The same is true of persons who are alleged to be copartners, and sued as such as defendants. By the statutes of Illinois the rule of law is changed in this respect unless a plea in abatement is interposed, or verified pleas are filed denying the execution of a writing set up. The statute rendered unnecessary in this case proof of the partnership or joint liability of either the plaintiffs or defendants.*

The objection to the evidence of the witness, White, in stating the dates of delivery and the weight of the iron is not practical. If we suppose the evidence to be stricken out, as requested, the result of the case must necessarily be the same. It would then stand thus: The witness, White, testifies that he knows of the delivery to the defendants of certain plates of iron, forwarded by the Baltimore and Ohio Railroad Company, in January and February, 1870; that the freight bills were paid by the defendants, and that the defendants made no complaint that the amount of the iron was less than it should be. The plaintiffs then proved by other witnesses that the four bills of iron were shipped by them by the Baltimore and Ohio Railroad to the defendants

* Statutes by Gross, vol. i, p. 270, §§ 11, 12; Warren v. Chandler, 12 Illinois, 124; McKinny v. Peck, 28 Id. 174.

in pursuance of written orders from them, marked C. & J. Cooper & Co., a few days prior to the dates mentioned in White's deposition; that the bills of lading for the iron were mailed to the defendants, and that they never came back to the plaintiffs. This was *primâ facie* evidence of the delivery of the iron as specified, and, no proof to the contrary being offered, it became conclusive. The plaintiffs' case is as well without White's evidence as with it. The defendants suffer no injury by its retention, and have, therefore, no legal cause of complaint.*

The objection to the allowance of interest was not well taken. So far as the case shows, this was the only transaction that ever took place between the parties; and it is not pretended that any payments were made or articles furnished by the defendants which could give the transaction the character of a mutual account. It was simply the case of a bill of goods furnished upon a written order, and a bill of lading of the articles at once mailed to the defendants. No objection was made by the defendants to the articles or to the account. A draft was drawn upon the defendants for the amount, which they refused to accept. This was equivalent to a demand of payment. An account (assuming this to be such) draws interest after liquidation, and it is considered liquidated after it is rendered, if no objection is made.†

A sale of goods without a term of credit given is liquidated when contracted, and after the account is presented and impliedly admitted, the defendants are in default and chargeable with interest.‡

JUDGMENT AFFIRMED.

---

* Shay v. The People, 22 New York, 317; Sherman v. Johnson, 56 Barbour, 59; Weber v. Kingsland, 8 Bosworth, 415.

† Patterson v. Choate, 7 Wendell, 441.

‡ Been v. Reynolds, 11 New York, 97; Pollock v. Ehle, 2 E. D. Smith, 541.