## McNAMARA v. HAMMERSLAG.

### January 29, 1884.

#### 2 Pac. 391.

'Attachment—Variance.—In a Suit on an Undertaking Given to Prevent a levy, where the complaint states that it was given to release a levy, the variation is not material.

McKee, J., dissents.

W. J. & Wm. Groves for appellant; M. C. Hasset for respondent.

MYRICK, J.—Suit on an undertaking given under section 540, Code of Civil Procedure. The complaint avers the issuance of the attachment, and that under it the sheriff attached "certain property" (not stating what kind or of what value), and that the defendants, being desirous of having the property attached released therefrom, executed the undertaking. A copy of the undertaking is attached to the complaint. The undertaking, after reciting the issuance of the writ and the command thereof, states, "now, therefore, we," etc., "in consideration of the premises, and to prevent the levy of said attachment, do hereby," etc.

The point presented by the appellants is that, as the undertaking recites that it was given to prevent a levy, the allegation of the complaint being that it was given to release a levy, the judgment cannot be sustained. The question here involved was substantially considered in the first paragraph of

the first opinion in Preston v. Hood, 64 Cal. 405, 1 Pac. 487, though in that case there was an allegation in the complaint that the undertaking was given to prevent the levy, and that upon the delivery of the undertaking the property was released. We think the point is not well taken.

Judgment affirmed.

.We concur: Sharpstein, J.; Morrison, C. J.

We concur in the judgment: Thornton, J.; McKinstry, J.

McKEE, J., Dissenting.—I dissent. The allegations of the complaint are that, in an action, a writ of attachment was issued, which was levied on certain property belonging to the defendant in the action; that for the purpose of having the property attached released from the attachment, "the defendants herein executed and delivered to the plaintiff a written undertaking, a copy of which is hereto attached, marked exhibit 'A,' and made a part of this complaint"; and that upon the execution and delivery of the bond, the attachment was discharged and the property was released, yet the defendants have refused, on demand, to pay the amount of the judgment rendered in the attachment suit against their principal in the bond, and hence the suit upon the bond. Reference in a pleading to an exhibit as part of a pleading is not pleading; it is merely evidential: Mayor and Common Council of Los Angeles, etc., v. Signoret, 50 Cal. 298. The cause of action as stated in the complaint is therefore upon a bond given for the release of property which had been attached.

The answer specifically denies the allegations of the complaint. There was no finding of facts, but judgment was given for the plaintiff. Impliedly, the court found all the facts as alleged in the complaint. But the bond referred to in the complaint was not a bond for the release of property which had been taken in attachment. Its recitals are substantially: Whereas, an attachment has been issued and placed in the hands of the sheriff for execution, whereby he is commanded to attach and safely keep all the property of the defendant within his county, not exempt from execution, or so much thereof as may be sufficient to satisfy the demand of the plaintiff in the action, as stated in his complaint, unless a bond be given in amount sufficient to satisfy the demand, and

the defendant is desirous of giving such an undertaking: "Now, therefore, we, the undersigned, . . . . in consideration of the premises, and to prevent the levy of said attachment, do hereby jointly and severally undertake in the sum of thirteen hundred dollars, in gold coin, and promise to the effect that if the plaintiff shall recover judgment in said action, we will pay to the plaintiff upon demand the amount of said judgment, together with the costs, not exceeding in all the said sum of thirteen hundred dollars in gold coin of the United States." The bond was therefore "to prevent the levy of an attachment." A bond given to prevent the levy of an attachment does not prove a cause of action upon a bond given for the release of property already attached. Between such bonds there is no identity; the promises to pay may be the same, but they depend upon different considerations. One could not be used to prove a cause of action upon the other. Between such a cause of action and the proof, there would be such a variance as would prevent the rendition of judgment in favor of the plaintiff. The allegations, proofs and judgment in an action must correspond to sustain the judgment.

In Percival v. McCoy, 13 Fed. 379, 4 McCrary, 418, the complaint alleged that a bond was executed and delivered by the sureties to the plaintiff as sole obligee; but the bond referred to in the complaint recited that it was given to five persons as obligees, one of whom was the plaintiff. "It seems clear," says the court in the case, "that if this bond were offered in evidence under such an allegation there would be a fatal variance between the instrument as set out and the proof. Granting that the plaintiff might sue alone, . . . . without joining the other obligees, he must, nevertheless, set out and state the bond correctly, with proper allegations, showing that he alone has received injury by the breach, and therefore that he brings the suit without joining the other obligees as plaintiffs. But he cannot set out a bond as running to or made to himself alone, and give in evidence an instrument to himself jointly with other obligees."

I think the judgment should be reversed: Laveaga v. Wise, 13 Nev. 296; Coburn v. Pearson, 57 Cal. 306.