ROBERT B. KENNON v. THE TERRITORY OF OKLAHOMA.

1. IMMATERIAL TESTIMONY—*Admission of Not Prejudicial Error, When.* The admission of testimony upon a matter not material to the issue and which does not tend to the prejudice of the substantial rights of a defendant, is not reversible error.

2. VARIANCE—*Immaterial.* Where an indictment charges a defendant with the larceny of a red milk cow and the proof shows that the animal stolen had small white spots, one on the face, one on the jaw and one on the flank, and that the bushy part of her tail was white, *held*, not a material variance, as the prevailing color of the animal was red.

3. INSTRUCTIONS. Where a defendant who is charged with the larceny of a cow is shown not to have kept a record of the marks, brands, and colors of the stock butchered by him. the court may properly instruct the jury that under the law of this territory, a butcher is required to keep such a record.

4. SAME. It is always proper for a court to instruct the jury in a larceny case, in determing the guilt or innocence of the defendant. to consider as evidence the fact, if they so find it to be established, that the defendant attempted concealment of the property recently after the theft thereof.

5. SEALED VERDICT. By § 31, p. 201. Laws of 1895. the legislature has authorized the court to direct the jury to return a sealed verdict, and in the

same section has further provided that the jury may separate after they have found their verdict until such time as it is received in open court.

6. MISCONDUCT OF THE JURY. Where, in a trial upon an indictment for the larceny of a cow, the identification of the hide of such animal became material, and where the hide was brought into the court room and placed before the witnesses and jury, without objection, and witnesses for both prosecution and defense pointed out to the jury the different features and marks upon the hide, and both the prosecution and defense acted upon the theory that the hide was introduced in evidence, the fact that some of the jurors, after the evidence was concluded, and while the court was temporarily absent from the room, stepped out of their jury box and over to where the hide was then lying, and looked at said hide, and afterwards imparted to the jury some knowledge which it was claimed they obtained from such inspection, *held*, that such conduct did not prejudice the substantial rights of the defendant for the reason that the jury had fully examined the hide and noticed all its marks and peculiarities before that time, and while it was being exhibited to them by counsel and the witnesses.

7. EVIDENCE—*Sufficiency of to Sustain a Verdict.* Where a jury finds the evidence sufficient upon which to base a verdict of guilty, and the trial court is satisfied, the supreme court will not set aside such verdict, unless it finds such a lack of evidence as to raise a presumption of innocence.

*Error from the District Court of Garfield County.*

*W. S. Denton*, for plaintiff in error.

*Harper S. Cunningham, Attorney General*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.: The appellant, Robert B. Kennon, was indicted at the November, 1895, term of the district court of Garfield county, charged with the larceny of one red milk cow, the property of one John H. Thresher. At the March, 1896, term a trial was had, Kennon convicted and sentenced to serve a term of one year in the penitentiary. A motion for a new trial was filed and overruled and exceptions properly saved to the ruling upon the motion, and the case is brought here for review.

I. Taking up the errors as assigned and urged in the

brief of counsel for appellant, the first question arises upon the admission of the testimony of one Waldo Whittinghill. The witness was introduced by the prosecution and testified to a conversation which he had with one Nells Walker, who was also a witness for the territory, relative to what Walker was to get for testifying in the case. Walker had been asked, upon cross-examination, by counsel for defendant, if he had not said to Whittinghill some time previously that he, Walker, expected a new suit of clothes out of the case, and the witness had denied making any such statement. Before the defense had attempted in any manner to impeach or contradict the testimony of Walker upon this subject, the prosecution introduced Whittinghill in order to show what Walker had stated with reference to that matter, and Whittinghill testified, in substance, that Walker had told him he was going to be a witness and expected to get a dollar or a dollar and a half out of the case. No authorities are cited or reasons advanced in support of the claim that the allowance of this testimony was prejudicial error, except the statement that it was hearsay testimony.

The testimony adduced by the witness Whittinghill was upon a matter which had not become material in the case, and was therefore incompetent. Until the defense offered evidence in support of the impeaching question it was unnecessary to fortify the testimony of Walker, as the denial by Walker was conclusive. Conceding this, however, to be the true rule, yet it does not by any means follow that the admission of the testimony of Whittinghill is reversible error. Immaterial testimony which does not tend to the prejudice of the substantial rights of a defendant will not justify a new trial. Counsel for appellant do not point out how the objectionable testimony could have influenced the jury in making up

their verdict, and we are unable to see wherein it did, and must therefore refuse to disturb the verdict for the error assigned. (*State v. Baldwin*, 36 Kan. 4; *Wilcox v. Byington, id.* 212; *State v. Davis*, 48 Kan. 1).

II. At the conclusion of the evidence offered on behalf of the territory, counsel for defendant demurred, and asked the court to instruct the jury to return a verdict for the defendant, for the reason that the evidence was insufficient to sustain the allegations of the indictment. It is argued that inasmuch as the indictment charges the defendant with having stolen a red cow, and the proof showed that the cow stolen had a white spot in her face and two small white spots, one in the flank and one on the jaw, and that the bushy end of her tail was white, such proof is such a material variance from the description of the cow as contained in the indictment as will not support a verdict of guilty. The prevailing color of the cow charged to have been stolen, as shown by the testimony of all the witnesses, was red. The few white spots were hardly noticeable, and even if we were inclined to hold that the prosecution, having given a more particular description in the indictment than is, under the law, necessary, is bound by such description, we would, under the testimony in this case, hold that the proof showed that the color of the cow was red and sufficient to fully sustain the charge. Each of the witnesses, both for and against the prosecution, when asked to describe the cow, would start out by stating that she was a red cow. The few white spots upon the cow were so inconsequential as to have hardly attracted the attention of any of the witnesses except those who had a particular knowledge or had made a close inspection of the animal.

III.   It is claimed the court erred in giving the following instruction:

"You are further instructed that the laws of the Territory of Oklahoma require every butcher in this territory to keep a record of the marks, brands, and color of any stock butchered by him, and that every butcher is required to keep all hides, together with the horns and ears, complete for at least five days from the time of the butchering of stock during the month of October."

It is urged that there was no evidence upon which to base such an instruction.   The defendant in this case was engaged in what is commonly called the butcher business; that is, he would purchase cattle from people living in the vicinity of the community, the place where it was alleged the crime was committed, and employ a person near said town to slaughter the same and bring the carcass to his shop, where he would retail the meat to the public generally.   By § 2 of an act in relation to animals, (Laws 1895, 38), it is made the duty of all persons butchering stock to keep a record of the marks, brands, color, from whom purchased, and, by the party butchering, sex and age.   And he is also required to keep all hides, together with horns and ears complete, for at least five days from the time of butchering the same in the month of October.   Upon cross-examination of the defendant it developed that he kept no such record as the law required him to keep, and the instruction of the court was evidently given for the purpose of calling to the attention of the jury the fact that the defendant was not complying with the law in carrying on his business.   We see no error in this instruction.   If the defendant had kept the record required by the law he would have had no difficulty in showing how he came into possession of the property charged to have been stolen, and the fact that he kept no such record may well

44—v.

have been considered as tending to show that he was endeavoring to conceal the possession of the animal and to prevent others from knowing how he came into its possession.

IV.   Objection is also urged to an instruction of the court as follows:

"The court instructs the jury, that if you believe from the evidence, beyond a reasonable doubt, that the prosecuting witness, John H. Thresher had in his possession the cow mentioned in the indictment, and that the same was stolen from him in the manner and form charged in the indictment, and that the defendant had an opportunity to steal the same at and about the time it is alleged to have been stolen, and that shortly thereafter the defendant received the carcass of a beef at his butcher shop and then and there placed the same, not upon the cooling rack, but in the cooler, out of view, then this is a circumstance which may be taken into consideration by the jury in connection with all the other evidence in the case, in determining the guilt or innocence of the defendant, unless the defendant has given a satisfactory account of how he obtained the property which he received on October 8, 1895.   The defendant cannot be found guilty unless the jury find upon a full consideration of all the evidence that he is guilty as charged in the indictment, beyond a reasonable doubt."

One of the witnesses, G. B. Hobbs, testified, in substance, that upon the morning after the proof shows that the cow was stolen, he was working as a meat cutter in defendant's shop; that the carcass of a beef was placed in the shop while he was at breakfast, and instead of being hung upon the cooling rack to cool and drain of of blood for a time, as was the usual custom of the shop, the same was immediately placed in the refrigerator, where it could not be seen by persons unless they went to the doors of said refrigerator.   The evidence of this witness tended to show that the carcass of the beef brought

to the shop on the morning after the cow was stolen was secreted, or at least handled in such a manner as to prevent the public generally from seeing it, different from the manner in which the defendant usually handled his meat. If, in fact, the defendant was attempting to conceal the carcass, it was competent to show it as a circumstance which should be considered by the jury. The weight to be attached to such testimony was a question for the jury. Under the evidence of the witness, Hobbs, the instruction of the court was entirely proper.

V. Error is assigned because the court in the absence of and without the consent of the defendant directed the jury to seal up their verdict, separate, and afterwards return the same into court. In support of this contention we are cited to § 5231, Statutes of 1893, and numerous decisions bearing upon this question. It is evident that counsel for appellant has overlooked the fact that the legislature of this territory has repealed the provisions of the section referred to by a later statute found in § 31, p. 201, Session Laws of 1895, wherein express authority is given for the action of the court.

VI. The sixth proposition urged for the reversal of the case arises upon the evidence offered in support of the motion for a new trial. It appears that after the evidence was submitted to the jury and while the jury were in their box, and the court temporarily absent from the room, two or three of the jurors left their box and went a short distance therefrom to the place where the hide of the animal claimed to have been stolen was lying in the court room, looked at such hide, and afterwards, in the jury room, while the jury were deliberating upon their verdict, told some of their fellow jurors what they saw when looking at the hide. The hide was not offered in evidence by either the prosecution

or the defendant. It is claimed that the action upon the part of some of the jurors was such misconduct as prevented the defendant from having a fair trial. Whether or not a new trial should be granted for the reason alleged can only be determined in the light of the circumstances of this case. We have before us the entire record of this case, and from such record it appears that when the first witness for the prosecution was introduced, the hide in question was brought into court, and without objection, laid in front of the witness and in full view of the jury, and the witness directed to point out to the jury all the different marks and spots upon the hide by which he identified the same as having been upon the animal alleged to have been stolen. This was done and he was fully cross-examined by counsel for the defendant upon the subject. A large number of other witnesses for the prosecution and defense were also examined in the same manner, and their attention and that of the jury directed to the hide, and it would appear from such testimony that all of the marks and brands of whatever description which would aid in the indentification of the hide were exhibited to and discussed in the presence of the jury by the witnesses and counsel, and that both the prosecution and the defense, as well as the court, treated the hide as having been offered in evidence. In fact, nowhere in the record do we find a single objection made with the view of preventing the fullest examination of the hide by either a witness or the jury. It is true that it does not appear in the record that the hide was handed to each juror for his personal inspection and examination, but as can readily be determined, the hide was spread upon the floor in front of the jurors and, as heretofore stated, each particular feature or distinctive mark thereon was pointed out

and made known to the jury. In fact, it appears that the failure to make a specific offer of the hide in evidence was inadvertance, but the case below, in so far as the introduction of evidence is concerned, was tried by the prosecution and defense upon the theory that it was properly in evidence; this being true, it is difficult for us to perceive how the rights of the defendant were or could have been prejudiced by anything a juror may have stated to his fellow jurors about the condition of the hide, or how any inspection made at the time it is claimed it was so made by some of the jurors could have in any manner prejudiced the substantial rights of the defendant.

In this territory, by § 5330, Statute 1895, it is provided that:

"On an appeal the court must give judgment without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

The most, we think, which may be said in support of the motion for a new trial, and in favor of the contention of appellant, is that the jury received evidence which had not theretofore been in express terms offered to them. They had before them all of the evidence which they could get by a subsequent examination made by some of the jurors. The hide was, practically, if not technically, in evidence. It occurs to us that the statute which prevents us from reversing this case by reason of a technical error or defect is peculiarly applicable to the contention as raised by counsel, and that there is no merit in such contention.

VII. Counsel for appellant also insist that the evidence in this case is insufficient to warrant a verdict, and ask our careful attention thereto, suggesting that, under the facts

as developed by the evidence, it is not reasonably clear that the defendant is guilty of the crime charged. The jury found the evidence sufficient; the court before whom the case was tried was satisfied; and before we would be authorized to set the verdict aside for the reason assigned, we should find such a lack of evidence in support of the verdict as to raise a presumption of innocence. We have read the entire evidence with care, but do not reach the conclusion which counsel for appellant seems to have arrived at. The evidence, it is true, is circumstantial, but it is of such a character as to leave no room for reasonable doubt. The cow was stolen on the evening of October 7, 1895; the next afternoon the hide was found at the slaughter house where the defendant had his meat butchered; it was fully identified as having been upon the animal stolen. The defendant attempted to account for the hide by showing it was from an animal purchased from a colored man. The colored man and his wife swore positively that the hide in question was not from the animal they sold to the defendant, and the man who slaughtered beeves for the defendant, a witness placed upon the stand by the defendant, testified that the animal purchased from the colored man was killed two days prior to the time the animal described in the indictment was stolen from Thresher; and that the hide identified by Thresher was not from the animal purchased of the colored man. The defendant also sought to show that he might have purchased the animal from one Jones. It was shown that the purchase of the animal from Jones was made on October 11, four days after the cow was stolen. He further stated that the hide identified as having been upon the stolen animal might have come from an animal belonging to some parties holding cattle in a pasture near the slaughter

house; this was shown to have been impossible. These varying statements; the fact that he kept no record as required by law of the marks and brands upon the cattle killed; the manner in which he handled the beef from this particular carcass, coupled with such an identification of the hide as to leave nothing doubtful, does not give room for a reasonable doubt as to this defendant's guilt. The judgment of the lower court is affirmed.

McAtee, J., who presided at the trial of the cause in the court below, not sitting; all the other Justices concurring.