WILLIAM C. BROWNING, HENRY W. KING, EDWARD W. DEWY, *Partners, Doing Business as* HENRY W. KING AND COMPANY, v. S. A. AKINS, *Defendant,* AND BURNHAM, HANNA, MUNGER AND COMPANY, *Interpleaders.*

(Filed Sept. 5, 1900.)

1. EVIDENCE—*Harmless Error.* Where facts material to the issues in the case are admitted by pleadings, the rejection or exclusion of evidence tending to prove such facts, by the court, is harmless error.

2. EVIDENCE—*Error in Excluding, Not Reversible, When.* Where, on a view of the entire evidence in the case, the court can say that the verdict of the jury, or the judgment of the court, has been substan-

tially sustained thereby, such verdict or judgment will not be reversed, though evidence may have been improperly excluded.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, District Judge.*

*James B. Diggs,* for plaintiffs in error.

*George S. Green* and *George M. Green,* for defendants in error.

### STATEMENT OF THE CASE.

This is an action of replevin, instituted in the district court of Noble county, on the 4th day of December, 1897, against the defendant, S. A. Akins. It is alleged in the petition that one J. W. Augustine, was engaged in carrying on a dry goods business in the city of Perry, and made a property statement to the R. G. Dun Mercantile company, which statement was in writing and signed by the said J. W. Augustine, and a copy of which was attached to said petition, and marked exhibit "A." Said statement is as follows:

"Exhibit A. Augustine, J. W., Clothing, and B. & S.

"Perry, O. T., March 25, 1897.

"He makes us the following written and signed statement under above dates:

"Assets—Cash value of stock on hand, $5,000.00. Bills receivable, goods, notes, warrants, mortgages, $600; Total $5,600.

"Liabilities—To merchandise not due and in transit, $400.00; surplus in business, $5,100.00; total value of real estate, $900.00. Total worth in and out of business, $6,000.00; insurance on stock, $1,000.00; banked with the Exchange Bank of Perry.

"(Signed) J. W. AUGUSTINE."

The petition alleges that the plaintiffs were subscribers to the said R. G. Dun Mercantile Agency, and as such subscribers were entitled to receive said statement of J. W. Augustine, as to his financial condition. That said statement was made by said J. W. Augustine, and was given to said mercantile agency for the purpose of enabling him to procure credit thereon from subscribers to said agency; that the plaintiffs in error, relying on said statement of said Augustine, sold him the bill of goods attached to said petition, and marked exhibit "B."

It is also alleged in said petition that the indebtedness of said Augustine, at the time he made and signed said property statement, and at the time of the purchase of the goods shown in exhibit "B," from the plaintiffs in error, was largely indebted over and above the sum of $400.00, which fact was well known to the J. W. Augusine at the time he made said statement and purchased said goods. That on the first day of December, 1897, J. W. Augustine executed a mortgage on his stock of goods, to E. S. Augustine, which stock included the goods purchased from these plaintiffs in error, as shown in exhibit "B," the value of which was $988.75; that this mortgage was executed on the first day of December, 1897, to secure a debt contracted on the 16th day of January, 1897. That on the second day of December, 1897, Burnham, Hanna, Munger and company, sued out a writ of attachment against J. W. Augustine, and levied the same on the stock of goods owned by the said J. W. Augustine, and caused the defendant, Akins, as sheriff of said Noble county, to take possession thereof. Before the levying of said attachment, Burnham, Hanna, Munger and company, paid to E. S. Augustine the full amount of said mortgage, with full

knowledge of the time said indebtedness was contracted, and the purpose for which said mortgage was executed. Said petition further alleges that said representations made to the said R. G. Dun Mercantile agency, by said J. W. Augustine, was wholly false and untrue.

Afterwards on the — day of December, 1897, Burnham, Hanna, Munger and company, were by the order of court substituted in place of S. A. Akins as defendant in said cause.

Afterward on the 11th day of June, 1898, the said Burnham, Hanna, Munger and Company, filed an answer to plaintiff's petition, which said answer contained a general denial, not verified, and alleging that they had purchased the mortgage on said stock of goods given by J. W. Augustine, to E. S. Augustine, without notice of any claim of plaintiffs in error and further alleging that said E. S. Augustine, was in possession of the stock at the time of their purchase, and that the purchase was made in order to levy an attachment.

Afterwards on the 27th day of June, 1898, plaintiffs filed a reply to said answer, which was a general denial.

Afterwards, on the 28th day of December, 1898, the cause came on for hearing. The jury was waived and the cause submitted to the court, and judgment rendered in favor of the defendant, for the return of the property; exception by plaintiff; motion for a new trial by plaintiff; overruled by the court; exception by plaintiff, and plaintiff brings the cause here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error is:

"The court committed error of law on the trial of said cause by excluding evidence offered by the plaintiffs as to

the goods being sold on the representation made by J. W. Augustine, to R. G. Dun & Co. Mercantile agency, and to which action of the court the plaintiffs in error did then and there duly except."

Second: "The court committed error of law in holding that the statement marked exhibit 'A,' attached to the petition of plaintiffs, must be proved to have been executed by J. W. Augustine, although the execution of said instrument was not denied under oath, or put in issue by the verified answer of the defendants."

Third: "The court committed error of law in overruling plaintiff's motion for a new trial."

These assignments of error in reality raise but one question, and can all be discussed under one head, to-wit: Were the rulings of the court on these propositions such prejudicial error as affected the material interests and rights of the plaintiffs?

An examination of the record will show that the first contention of the plaintiffs is not correct.

On page 29 of the case-made, in the deposition of Francis King, one of the partners in the firm of Henry W. King and company, this question was asked:

"Question. Did you obtain any statement of any kind from either Bradstreet's or Dun's agencies? Answer. 1 obtained statements made by Augustine to both of these agencies.

"Q. Upon what did you rely in making the sale so far as ascertaining Augustine's financial responsibility was concerned? A. I relied entirely on the statements which he made to the commercial agencies, and formed my opinion of his responsibility from them."

It will be seen by these questions and answers that the court permitted the plaintiffs to show that the goods in question were sold on the representations made by J. W. Augustine, to the R. G. Dun & Company Mercantile

agency.  And while it is true the record on page 33 of the case-made, shows that the court sustained an objection to the question asked of the same witness: "And would you have made the sale had you not seen and relied upon the statement said to have been made by Augustine to Bradstreet's and Dun's agencies, which you have just now quoted?

Now, taking the questions previously propounded to the witness, and the answers thereto, in connection with the question to which this objection was sustained, the only effect of the sustaining of this objection would be to prevent a repetition of the same question and answer, as the previous question was substantially the same as the one to which the court sustained the objection.  In the previous questions the witness was asked upon what the plaintiff relied as to the financial responsibility of the said J. W. Augustine, in selling him the goods, and his answer was that it was upon the statements made to these commercial agencies; which shows conclusively, so far as the testimony of this witness goes, that the plaintiff relied upon these statements, and sold the goods in consequence thereof; hence we think, in view of this fact, that the contention of plaintiff and his assignment of error on this point is not well taken.

Now as to the second assignment of error, to-wit:

"That the court erred in holding that the statement marked exhibit 'A', attached to plaintiff's petition, must be proved to have been executed by said J. W. Augustine although the execution of said instrument was not denied under oath, or put in issue by a verified answer of the defendants."

We think that an examination of the record will show that this assignment of error is not correct.

If the contention of plaintiff is correct, that exhibit "A" is such an instrument as is intended by section 3986 of the Statutes of 1893, and that its execution could only be questioned by a denial under oath, then what was the necessity of putting in any proof as to the signature or the correctness of the copy attached to plaintiff's petition? If by force of the pleadings, the execution of this written instrument and the endorsements thereon, and the statements therein contained, were admitted by the defendant and must be accepted as true by the court, then it was entirely unnecessary for the plaintiff to make or offer to make any proof of these facts. And we take the rule to be that if plaintiff, notwithstanding the fact that proof of the genuineness of the written instrument, or proof of its execution, being unnecessary, does attempt to prove these facts, he must submit such proof as is competent and proper under the law; that is he must produce the best evidence obtainable of the facts sought to be established. If counsel's position as to the pleadings is correct, there was no issue as to the financial statement made by J. W. Augustine to plaintiffs in error through the R. G. Dun & Company Mercantile agency, and there was no necessity for plaintiffs offering any evidence, for the reason that the facts attempted to be proved were admitted by the pleadings.

Now, accepting this as true, that is, that the execution and delivery of the written instrument described as exhibit "A," to the plaintiffs by the R. G. Dun & Company Mercantile agency, was admitted by the pleadings, there was still something more necessary to be proven on the part of the plaintiffs in order to recover in this action against the defendants, Burnham, Hanna, Munger and

company, to-wit: the plaintiffs must prove that the title obtained by Burnham, Hanna, Munger and company by virtue of the mortgage purchased of E. S. Augustine, and their attachment levied against J. W. Augustine, was obtained with a knowledge of the claim of the plaintiff as set forth in the petition in this case. Now an examination of the record will show an entire failure to sustain this point by any evidence in the case. No attempt was made to prove in any way that Burnham, Hanna, Munger and company, defendant in the court below, had any knowledge of the manner in which the goods were purchased; the time at which they were purchased; or had any knowledge of any claim on the part of the plaintiff. This proof was absolutely necessary for a recovery against the defendants, Burnham, Hanna, Munger and company, and plaintiff having failed to make this proof, the court below could have rendered no other or different judgment than that which was rendered, whether the genuineness of this statement of R. G. Dun & Company was or was not proven, or whether said written instrument was or was not admitted in evidence. Hence we are unable to see from an examination of the entire record, how any prejudicial error has been committed by the court below.

In the case of *Gready v. Ready,* 40 Wis. 478, the court says:

"When it is perfectly apparent from the record that the judgment must have been the same if all the testimony erroneously rejected had been received, there is nothing unreasonable in saying that the error in excluding the evidence offered should be disregarded, as it could not have prejudiced the plaintiff."

Applying this doctrine to the case at bar, we think the judgment of the lower court was correct, and should be sustained, which is accordingly done.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.