## RULISON vs COLLINS.

Opinion delivered October 19, 1904.

1. *Evidence—Non-Prejudicial Error in Admitting Incompetent.*

> The admission of incompetent evidence is not prejudicial if the same facts toward which it was directed are otherwise established by competent evidence.

2. *Malicious Prosecution—Instructions.*

> Where, in an action for malicious prosecution, the jury were charged that plaintiff must prove that the prosecution was prompted by malice, and that it was without probable cause, and that she was not guilty, it was not error for the court to refuse instructions that if reasonable or probable cause existed, then no amount of malice would warrant a verdict against the defendant; or, that if there was reasonable cause the law would not inquire into the motives of defendant in instituting the prosecution.

3. *Malicious Prosecution—Instructions Not Conflicting.*

> In an action for malicious prosecution, the jury was charged that if defendant maliciously caused plaintiff's arrest without probable cause to believe she was guilty they should find for plaintiff; and also that if defendant had not probable cause for prosecuting plaintiff they might infer malice therefrom. *Held*, such charges not in conflict with another instruction that plaintiff must prove that the prosecution was prompted by malice and was without probable cause and that she was not guilty of the crime charged.

4. *Malicious Prosecution—Abuse of Process—Advice of Counsel no Protection —Instructions.*

> In an action for malicious prosecution, an instruction that if the criminal prosecution was commenced simply to get possession of certain premises, and not for the purpose of punishing a violation of the law, it would be an abuse of process and conclusive evidence of malice, as to which the advice of counsel would be no protection, was proper.

5. *Argument of Counsel—Improper Remarks—Reversible Error.*

> In an action of malicious prosecution, wherein the court had instructed the jury that the plaintiff must prove that she was not guilty of the crime charged against her, it was reversible error for the court to permit plaintiff's counsel in his closing argument to state to the jury that it was always the law that a person charged with a crime is presumed to be innocent and must be proven guilty beyond a reasonable doubt, and to refuse to sustain the objection thereto and withdraw the same from the jury.

Appeal from the United States Court for the Western District.

CHAS. W. RAYMOND, Judge.

Action by Sadie Collins against E. R. Rulison. Judgment for plaintiff. Defendant appeals. Reversed.

On January 15, 1902, the plaintiff below (appellee here) filed her complaint against the defendant below (appellant here), and alleged that on January 1, 1902, the defendant charged the plaintiff, before Thos. A. Sanson, a United States commissioner, falsely, maliciously, and without any reasonable or probable cause, but to subserve his own private interests, with unlawfully and forcibly taking, and made oath that plaintiff had on said day unlawfully and forcibly taken, possession of a house and lot, the property of defendant, and thereby procured said commissioner to issue a warrant for the arrest of plaintiff; that under said warrant plaintiff was arrested by a United States deputy marshal, and detained in his custody for two hours; that defendant failed to prosecute said charge, and dismissed the same. Plaintiff says she is not guilty of taking possession of the house and lot, as charged, and that by reason of the proceedings aforesaid she has been greatly injured in her good name and credit, has suffered anxiety and pain of body and mind, and has been caused to expend money, etc., to her damage $2,500. On May 2, 1903, defendant filed his answer, and admits the charge and the arrest, but denies he made said arrest maliciously or without probable cause, denies he made said charge to subserve his own private interests, denies plaintiff was unjustly arrested, and denies she was damaged in any sum. Defendant further states that after the said plaintiff had entered into possession of said house and lot without his permission or consent, and after he had tried to get her to deliver the possession of the same to him, he

went before Thos. A. Sanson, Jr., United States commissioner, and stated all the facts concerning said transaction to him, and said commissioner then and there informed defendant that said plaintiff was guilty of violating the criminal laws of the United States, and that thereupon he, acting on the information received from said commissioner, swore out a warrant for the arrest of said defendant; and he further states that at the time he, in good faith, believed that she had been guilty of violating the law, and asks to be dismissed.

On May 15, 1903, the cause came on for trial before a jury, who on May 16, 1903, returned the following verdict: "We, the jury, find the issue for the plaintiff, Sadie Collins, and assess her damages at $500. E. H. Rye, Foreman." On May 18, 1903, defendant filed his motion for new trial. On October 3, 1903, defendant's motion for new trial was overruled by the court, who thereupon rendered judgment upon the verdict, to which defendant excepted, and appealed to this court.

*Deroos Bailey* and *Thos. H. Owen*, for appellant.

*John Watkins, W. F. Rampendahl*, and *R. P. De Graffenried*, for appellee.

TOWNSEND, J. The appellant has filed nine specifications of error.

The first was the alleged error in admitting the testimony of Thomas Sanson, but no argument to sustain his exception is made, or authorities cited. It appears from the record, however, that the same facts were fully proven by other witnesses. In Jones vs Malvern Lumber Co., 58 Ark. 125, 23 S. W. 679, the court said: "The admission of incompetent evidence is not prejudicial if the facts toward which it was directed were other-

wise proven by competent evidence." See, also, Rosewater vs Schwab Clothing Co., 58 Ark. 446, 25 S. W. 73.

The second was the refusal of the court to give instruction No. 4 requested by defendant, which is as follows: "I charge you that, if reasonable or probable cause existed for the prosecution of the plaintiff upon the charge of forcibly taking possession of defendant's house, then no degree of amount of malice on the part of defendant will be sufficient to warrant you in returning a verdict against defendadt in this case." The third was the refusal of the court to give instruction No. 7, requested by defendant, which is as follows: "I charge you that, if there was a reasonable or probable cause for the prosecution of the plaintiff by defendant on said alleged charge, that the law will not inquire into his motives. It would be no objection, in law, that the prosecution was impelled by motives of recovering property. The law does not undertake to compel a nice sense of honor by inflicting a pecuniary liability upon a person for what he might lawfully and ought to do, because his motives were selfish."

The first and second instructions given by the court were as follows: .

"The plaintiff, Collins, to recover, must prove that the prosecution by defendant, Rulison, was prompted by malice, that it was without probable cause, and that she was not guilty of the crime with which the defendant, Rulison, charged her.

"The plaintiff must prove her case by a preponderance of the evidence."

Appellant, in his brief, admits that the two foregoing instructions given by the court clearly and fairly state the law

of the case. Why, then, should the jury be charged that, "if reasonable or probable cause existed for the prosecution of plaintiff, * * * then no * * * malice on the part of defendant * * * will warrant a verdict against defendant?" Or why should the jury be charged that, "if there was reasonable or probable cause for the prosecution of the plaintiff by defendant, * * * that the law will not inquire into his motive?" The law had been clearly and fairly stated. The jury had been told that plaintiff must prove that the prosecution was prompted by "malice, that it was without probable cause, and that she was not guilty," before she could recover. The only effect of giving the requested instructions would have been to confuse the issue. Besides, the instructions requested do not tell the jury that, "even if reasonable and probable cause" existed, the same must be shown by any evidence. We think the court made no mistake in refusing these requests.

The fourth, fifth, and sixth are the alleged errors of the court in the third, seventh, and eighth instructions given. The error alleged in the third was telling the jury that if they believed from the evidence that the defendant maliciously caused the arrest of plaintiff without probable cause, they should find for plaintiff. The error alleged in the seventh instruction given was telling the jury that, if they believed that defendant maliciously caused the arrest of plaintiff without probable cause to believe that she was guilty of the crime alleged against her, then they should find for plaintiff. The error alleged in the eighth instruction given was telling the jury, if they believed from the evidence that defendant had not probable cause for prosecuting plaintiff, and that defendant had plaintiff arrested as charged, that they might infer malice from such want of probable cause. Appellant insists these instructions do not go far enough, for the reason that they put the case to the jury upon the questions of malice and want of probable cause, and are inconsistent with

the first instruction heretofore quoted. The instructions must all be considered together, and in treating, in these instructions, of malice and want of probable cause, they do not say the plaintiff must also prove she is not guilty. Hence the instructions, as a whole, are not "contradictory or irreconcilable." Blashfield, Instructions to Juries, vol. 1, § 61, says: "It is not necessary that every instruction should have embodied in it every fact or element essential to sustain the action, or that is should negative matters of defense. A single instruction need not cover the entire case. It is not required that the entire law of the case shall be stated in a single instruction, and it is therefore not improper to state the law, as applicable to particular questions, or particular parts of the case, in separate instructions; and if there is no conflict in the law as stated in different instructions, and all the instructions, considered as a series, present the law applicable to the case fully and accurately, it is sufficient." We think there was no error in the instructions given as above referred to.

The seventh and eighth are the alleged errors of the court in the ninth and tenth instructions given. The error alleged in the ninth instruction given was telling the jury that the commencement of a criminal prosecution simply for the purpose of getting possession of premises, and without the intention of punishing the person arrested for violation of law, is an abuse of the process of the court, and would be conclusive evidence of malice, and in such a case advice of counsel would be no protection; and the question whether the defendant, in this case, commenced the proceedings with the intent of prosecuting plaintiff for a supposed criminal offense, or simply for the purpose of securing possession of premises, was submitted to the jury as a question of fact. This instruction does not say that, in addition to malice, there must not also be proof of want of probable cause, and proof that plaintiff was not guilty, before she can recover. Appellant admits such a prosecution would show malice, if proven, and that question was submitted to the

jury. This instruction is not in conflict with other instructions given.

The error alleged in the tenth instruction was given the same as follows: "You are further instructed that the prosecution of a person criminally with any other motive than that of bringing a guilty person to justice is a malicious prosecution." In Am. & Eng. Enc. of Law, vol. 14, p. 22 (1st Ed.) it is said: "By the term 'malice' is meant any indirect motive of wrong. It may be any motive other than that of simply instituting a prosecution for the purpose of bringing a person to justice. Addison on Torts (Wood's Ed.) § 853; Stevens vs Midland Railway Co., 10 Exch. 356, 23 L. J. Exch. 328. While the malice necessary to the right of recovery may not be deduced as a necessary legal conclusion from a mere act, irrespective of the motive with which the act was done, yet any motive other than that of instituting the prosecution for the purpose of bringing the party to justice is a malicious motive on the part of the person who acts under the influence of it. Jones vs Marsh, 52 Md. 323. By malice is meant, not the act, but the wrongful motive which prompts the act. Garvey vs Wayson, 42 Md. 178; Harpham vs Whitney, 77 Ill. 32."

The ninth is as follows: "The court erred in not stopping Col. Thos. Marcum, when requested by defendant, who, in making the closing argument for the plaintiff, used the following language, to wit: 'They argue to you that she must prove that she was not guilty of the crime Rulison charged her with. One of the best-settled principles of law is that a person charged with a crime is presumed to be innocent until proven guilty beyond a reasonable doubt. Bailey and Qwen would be failures as prosecutors if they do not know any more law than that. There never was a court that did not hold that a party charged with crime must be proven guilty beyond a reasonable doubt,

(20)

and, before the defendant can recover in this case, he must prove her guilty beyond a reasonable doubt. Any man is entitled to an acquittal unless proven guilty.' Bailey: If your honor please, I object to that. He is arguing in the face of the instructions of the court. Court: Proceed with the case. Bailey: We save an exception." This was gross misconduct on the part of the counsel for appellee. It was made during the closing argument, when counsel for appellant had no opportunity to reply. The court had told the jury that appellee, in order to recover, must prove she was not guilty of the crime charged against her, whereas counsel told the jury that, "before the defendant can recover in this case, he must prove her guilty beyond a reasonable doubt." We think, when this statement was objected to, the objection should have been sustained, and the jury told that the statement was not the law, and the same should have been withdrawn from the jury. It could not have had other than a prejudicial effect upon the jury. In the case of Atchison, T. & S. F. R. Co. vs Meyers, 76 Fed. 443, 11 C. C. A. 268, the court says: "It is the duty of the court to control and direct the argument of counsel in the interest of justice, and whenever counsel, especially in the closing argument, overpass the limits of fair debate, either by stating as facts matters not in evidence, or by making unwarranted charges against parties or witnesses, to the manifest perversion of justice, the court ought unhesitatingly to interfere, and see to it that the guilty party takes no advantage from his wrong. When the party who is injured by the wrong invokes the protection of the court by an objection, it will not do for the court to remain silent, leaving the matter of misconduct with the offending party and the jury. The court is bound to interpose when called upon, and, if an improper and injurious statement has been made without excuse, the effect of it should be erased from the minds of the jury at the time by a clear and emphatic admonition from the court." Blashfield, in his Instructions to Juries, vol. 1, §

367, uses the following language: "It is the duty of the court to keep counsel within the boundaries of legitimate argument, and a refusal to grant instructions to obviate prejudice caused by improper argument is reversible error. Any misrepresentation of law by counsel, whether in a civil or criminal case, should be corrected, though admitted to be law by the parties or their counsel, and the court should also correct statements made by counsel of matters as proved which are not based on any evidence in the case." See, also, St. Louis & S. F. Ry. Co. vs Farr, 56 Fed. 994, 6 C. C. A. 216; K. C. & C. R. Co. vs Sokal, 61 Ark. 133, 32 S. W. 497; Alabama G. S. R. Co. vs Carroll, 84 Fed. 781, 28 C. C. A. 207; Baltimore & O. R. Co. vs Boyd (Md.) 10 Atl. 315, 1 Am. St. Rep. 362. Elliott's General Practice, vol. 2, § 695, says: "Sec. 695. Misconduct of Counsel—How Taken Advantage of. Whenever counsel is guilty of misconduct in argument, an objection should be made, and exception to the ruling of the court, or refusal to rule thereon, taken at the time, and brought into the record by bill of exceptions. Counsel has a right to interpose, in a proper manner, during the argument of adverse counsel, to make such objection. If the court, over proper objection, erroneously permits counsel to persist in such misconduct, an instruction to the jury to disregard or not consider the improper remarks will not, as a general rule, cure the error."

By reason of the error of the court in not sustaining the objection of appellant to the remarks of counsel for appellee in his closing argument, the case is reversed and remanded.

CLAYTON and GILL, JJ., concur.