## MISSOURI, K. & T. RY. CO. v. JONES *Trustee.*

No. 1510.   Opinion Filed February 6, 1912.

(121 Pac. 623.)

1. **APPEAL AND ERROR—Review—Harmless Error—Admission of Evidence.** The admission of testimony upon a matter not material to the issue, and which does not tend to the prejudice of the substantial rights of a litigant, is not reversible error.

2. **SAME.** The admission of incompetent evidence is an error without prejudice, where the fact proved is one of common knowledge.

3. **SAME—Admission or Rejection of Evidence.** The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal.

(Syllabus by Sharp, C.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Paul H. Jones, trustee in bankruptcy of the estate of Stebbins & Kirkes, against the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Clifford L. Jackson, W. R. Allen,* and *M. D. Green,* for plaintiff in error.

*Giddings & Giddings,* for defendant in error.

Opinion by SHARP, C.   In the month of July, 1907, Stebbins & Kirkes, a firm of contractors, were engaged near Limestone Gap, Ind. T., in construction and grading work on the line of railroad of plaintiff in error, and used, while engaged in said work, a large number of mules and work stock.   On or about the 25th day of July, 1907, four head of mules and a mare belonging to said contracting firm were killed by a freight train operated by the plaintiff in error; the point of killing being near the place at which said contractors were engaged in work. On account of the killing, which, it was alleged, was the result

of various acts of negligence on the part of the servants and employees of plaintiff in error in operating the said freight train, the owners of said stock brought suit in the district court of Oklahoma county, and recovered judgment in the sum of $1,200, from which judgment plaintiff in error seeks to be relieved in this court.

The assignments of error are: First, that the trial court erred in permitting the defendant in error to introduce testimony as to the custom of Stebbins & Kirkes in caring for the animals at the time of the injury; second, in permitting the defendant in error to prove the disposition of stock to feed upon timber grass growing upon the right of way; third, in sustaining the objection to a certain question and answer of the deposition of the fireman on the locomotive which struck the animals; fourth, in overruling the motion of the plaintiff in error for a new trial.

Motion has been made by the plaintiff in error to dismiss this appeal, because Paul H. Jones, as trustee, is not the real party in interest, his interest having been assigned to one S. C. Vinson, and a like motion has been filed by S. C. Vinson; it being claimed that Vinson has purchased this claim under an order of the court having jurisdiction of the bankruptcy proceedings. These motions are resisted by the defendant in error, and they are overruled without prejudice to any rights which the parties may desire to assert in any appropriate proceeding in the trial court or elsewhere.

The first objection is to the evidence offered tending to show the custom of Stebbins & Kirkes in caring for their work stock at the time of the injury. Neither this question nor the answer thereto was material to the issues, and contributed in no way to establish that the plaintiff in error was or was not guilty of negligence in killing the animals in question. The owners of the stock were not bound to fence them up; neither was the railroad company bound to fence them out. *Gulf, Colorado & Santa Fe Railway v. Washington,* 49 Fed. 347, 1 C. C. A. 286.

It appears, however, from the testimony, that, notwithstanding this objection made to the testimony of the witness Kirkes, yet, while the witness Phillips was on the stand, on cross-examination, counsel for the railroad themselves brought out evidence tending to show the custom of Stebbins & Kirkes in the matter of handling and caring for their stock. The objection is without merit, and, as it is said in *Missouri, Kansas & Texas Ry. v. Elliott,* 102 Fed. 96, 42 C. C. A. 188:

"It is always allowable to interpose stringent and rigid rules to set off hypercritical and technical objections to the admission of evidence which, it is extremely improbable, had the slightest influence on the verdict."

This court cannot indulge the presumption that the answer to the single question objected to, with reference to the custom exercised in taking care of the stock at the time of the accident, influenced or had any effect whatever on the jury in arriving at a verdict.

The second objection is to the admission of testimony of the witness J. E. Kirkes. The witness was asked to state to the jury the condition of the right of way during the month of July, and answered that there was "lots of timber grass growing along the right of way. Our stock took a hankering for that timber grass, and they would try to get to it. Grass was beginning to get tough in July; but that timber grass was more tender and green, and they naturally had a hankering for that timber grass along that right of way." To this question and answer no objection was made, and afterwards counsel asked the witness to state the disposition of stock with reference to feeding upon grass of that character at that season of the year, to which counsel objected, and, the objection being overruled, and the witness permitted to answer, the action of the court in this regard is assigned as error. We regard the testimony as immaterial. It tended in no way to prejudice the substantial rights of the plaintiff in error. As was said in *Kennon v. Territory of Oklahoma,* 5 Okla. 687, 50 Pac. 173:

"Immaterial testimony which does not tend to the prejudice of the substantial rights of a defendant will not justify a new

Missouri, K. & T. Ry. Co. v. Jones, Trustee.

trial.   Counsel for appellant do not point out how the objectionable testimony could have influenced the jury in making up their verdict, and we are unable to see wherein it did, and must therefore refuse to disturb the verdict for the error assigned. *State v. Baldwin*, 36 Kan. 4 [12 Pac. 318] ; *Wilcox v. Byington,* 36 Kan. 212 [12 Pac. 826] ; *State v. Davis,* 48 Kan. 1, [28 Pac. 1092]."

In *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359, it was said that the rule was well established "that the improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal"—citing *Frick v. Reynolds et al.,* 6 Okla. 638, 52 Pac. 391; *Noble v. Worthy,* 1 Ind. T. 458, 45 S. W. 137; *Citizens' Bank v. Carey,* 2 Ind. T. 84, 48 S. W. 1012.

The fact that work animals had a disposition to feed upon tender grass in the month of July, while immaterial to the real issues, is one of common knowledge, not necessary to have been proven, had it been material, and for that reason the court, in permitting the witness to answer the question, committed no reversible error.   In *Missouri, Kansas & Texas Ry. v. Elliott, supra,* an action arising in the Indian Territory, after the citation of numerous authorities, it was said by Caldwell, C. J. :

"The admission of incompetent evidence of a material fact is an error without prejudice, where the fact is proved by other competent evidence (*Cooper v. Coates,* 21 Wall. 105, 22 L. Ed. 481), or the party complaining of the error was instrumental in excluding competent evidence to prove the fact, or where the fact is one of common knowledge."

The remaining question necessary to consider is the action of the court in excluding one question and answer propounded to the witness W. J. Butcher at the time his deposition was taken.   This question and answer is as follows :

"If you have answered the sixth and seventh interrogatories in the affirmative, state whether or not you were keeping a lookout for objects upon the track, and discovered these animals as soon as they could have been discovered under the circumstances.   A. I was shoveling coal into the fire box."

It is argued by the counsel that the fireman, having testified in a previous portion of his deposition that he did not see the

animals, it therefore became not only material, but highly important, that he be permitted to state why he did not see them, in order that the jury might not infer that the fireman was not performing his duty. This might, under certain circumstances, be true, but certainly not in the instant case. In the first place, the objection made to the answer was that it was not responsive to the question, and this objection was, we think, well taken. Besides, the engineer had already answered the identical question, the exact interrogatory propounded to the fireman having been also propounded to the engineer, who stated in reply that he was keeping a close lookout ahead, and discovered the animals as soon as they could have been seen under the circumstances. Hence the testimony of Butcher, even had it been responsive to the question, would have been cumulative merely.

Courts are not disposed to reverse a judgment on account of evidence erroneously rejected, where it appears that if all the evidence offered had been received the judgment must have been the same. *Marrinan & Bro. v. Knight,* 7 Okla. 419, 54 Pac. 656; *Thornton v. Peery,* 7 Okla. 441, 54 Pac. 649; *King & Co. v. Akins,* 10 Okla. 536, 62 Pac. 281; *Boyce v. Modern Woodmen,* 14 Okla. 642, 78 Pac. 322; *Funk v. Hendrix,* 24 Okla. 837, 106 Pac. 352; *Rulison v. Collins,* 5 Ind. T. 282, 82 S. W. 748; *G., C. & S. F. Ry. v. Jones,* 1 Ind. T. 354, 37 S. W. 208.

As was said in *Western Coal & Mining Co. v. Berberich,* 94 Fed. 329, 36 C. C. A. 364, in quoting from an address delivered by Judge Brown of the Supreme Court of the United States at a meeting of the American Bar Association:

"There is nothing which tends to belittle the authority of the courts or to impair the confidence of the public in the certainty of justice as much as the habit of reversing cases for slight errors in admitting testimony or trifling slips in the charge. * * * Better by far the practice of the English courts and the federal Supreme Court, where every intendment is made in favor of the action of the lower court, and cases are rarely reversed, except for errors going to the very merits—errors which usually obviate the necessity of a second trial."

The court's charge in this case stands unchallenged. The objectionable part of the charge was favorable to the railroad company. It is not urged that the verdict is not supported by the evidence. The errors committed, if any, were harmless and inconsequential, and were not such as tended to prejudice the rights of the company; and therefore the judgment of the trial court should be affirmed. .

By the Court: It is so ordered.