# WILLIAM SKELLY

## v.

# JAMES BOLAND.

1. NEW TRIAL—*newly discovered evidence.* It is not error to refuse a new trial on the ground of newly discovered evidence, where the evidence is merely cumulative.

2. PRACTICE—*remarks of the court.* It is not proper for a court to make remarks, in the hearing of the jury, calculated to influence their finding.

3. Where a plaintiff had closed his case, and had shown a right to recover, the defendant moved for a non-suit, which the court denied, and remarked, in the hearing of the jury, that, upon the evidence then in, the plaintiff would be entitled to recover, unless the defendant made a defense: *Held,* that any interference by the court, by remark or otherwise, within the hearing of the jury, except by way of instructions, is improper, but this court will not reverse for that reason, when it is apparent that the remark did not prejudice the defendant's case.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MONROE & LEDDY, for the appellant.

Mr. F. W. YOUNG, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, by James Boland against William Skelly and John Gwynn, sued as partners, under the firm name of Skelly, Gwynn & Co., to recover for services as clerk to that firm, at the rate of one thousand dollars per annum, by special agreement.

Gwynn defaulted, and Skelly went to trial on the general issue. The jury found for the plaintiff, and assessed his damages, on which the court rendered a judgment, having denied defendant's motion for a new trial. Skelly appealed, making the point that the court made improper remarks on the trial of the cause, in the hearing of the jury, by which his case was prejudiced, and that there was error in refusing a

new trial, insisting the weight of evidence is against the verdict. No point is made on the instructions.

The only contest between the parties was this: Were these services rendered by appellee as a clerk in the concern, or as a partner? The defendant, Skelly, contended the plaintiff was a partner, and in that capacity or character rendered the services. Much testimony was heard on this point, conflicting, of course—appellant being his own principal witness, whilst appellee testified for himself. There were other witnesses on both sides. On the part of appellee, the defaulted defendant and partner was examined, and he testified, that he and appellant had tried to induce appellee to become a partner with them, but, failing in this, they agreed to hire appellee and give him a salary, on account of his acquaintance and influence with vessel men.

Appellee did make the experiment, for a few days, of acting as a partner, and gave the partnership the benefit of his name in one or two transactions, but the great preponderance of the evidence is, that he never was a partner, but a clerk merely, and as such entitled to wages.

When the plaintiff rested his case, the defendant moved for a verdict, which motion the court denied, remarking, in the hearing of the jury: "As it now stands, upon the evidence now in, the plaintiff has made out a perfect case, and is entitled to a verdict, unless the defendant makes a defense." The defendant excepted to this, and we have considered the point; and whilst expressing our disapprobation of any interference of the court, by remarks or otherwise, within the hearing of the jury, unless they be in the form of instructions, the remark here excepted to, in the view of the testimony then before the jury, could not have prejudiced the defendant's case, and we would not, therefore, set aside the verdict.

There was no error in refusing a new trial on the ground of newly discovered evidence. The evidence was not of a conclusive character—it was cumulative merely.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*