## FRANK P. BURNS

v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Courts—Instructions—Verdict—Witnesses.*

1. In counties where the offices of county judge and probate judge are vested in one person, a filing of an information with the county clerk during a probate term, or with the judge at such term, would be a filing in vacation within the sanction of the statute.

2. The spirit and intention of the law in the use of the word " instruction " is, that reference is only had to the statements of the law made by the court to the jury, and which are to govern them, as a matter of law, as to the substance of their verdict. Such instructions must be in writing, and they can not be modified, altered, enlarged or diminished orally.

3. The verdict of a jury will not be set aside for improper remarks made by the trial judge, not prejudicing the defendant's case.

4. The fact that a witness is a detective and was employed to aid in bringing criminals to justice, should not discredit his testimony.

[Opinion filed May 20, 1892.]

IN ERROR to the County Court of Rock Island County; the Hon. LUCIAN ADAMS, Judge, presiding.

Messrs. WILLIAM A. MEESE and M. J. McENIRY, for plaintiff in error.

Mr. M. M. STURGEON, for defendants in error.

MR. JUSTICE HARKER. At the July term, 1891, of the County Court of Rock Island County, the plaintiff in error was tried and convicted for keeping a common gaming house in the city of Moline.

The proceeding was by information. This writ of error is prosecuted from the judgment entered upon the verdict, and a reversal is sought, because the information is not supported by a sufficient affidavit; because the information

was filed in the Probate Court, which court has no jurisdiction of misdemeanors; because the verdict is not supported by the evidence; because the court gave improper instructions on behalf of the people, and refused proper instructions asked by the defendant, and because the court gave oral instructions to the jury.

The information was presented by the state's attorney, and conforms to the statute. 1 Starr & C. Ill. Stats. 727; Gallagher v. The People, 120 Ill. 179. Even if an affidavit was necessary, the affidavit of Mary Metzger was sufficient. It shows, on its face, that it was made before an officer authorized to administer oaths. The certificate showing the officer was not qualified, wrongfully interpolated into the record, was stricken out on motion. There is nothing in the contention that the County Court had no jurisdiction of the case because the information was filed in the Probate Court. In counties where the offices of probate judge and county judge are vested in one person, as is the case in Rock Island County, a filing of an information with the county clerk during a probate term, or with the judge at such term, would be a filing in vacation within the sanction of the statute. The evidence was sufficient to support a conviction. The evidence of the people's leading witness, Walter P. Devereaux, was sufficient. Counsel for plaintiff in error make a severe attack upon him because he is a Chicago detective, sent to Moline "to work up cases against the gambling rooms and the prize-fighting in the Young Men's Christian Association." The statements of this witness are reasonable, and he is corroborated. We are not disposed to consider him unworthy of belief, because he was employed by good people to aid them in checking the evils of gambling and prize-fighting among the members of the Young Men's Christian Association.

The court committed no error either in granting or refusing instructions. There is no force in the contention that the court gave oral instructions to the jury. After the jury had been out all night, they returned from the jury room and asked the court in writing whether the defendant was lia-

ble to a separate fine on each of the seven counts in the information, or only liable to one fine from $100 to $500.

Thereupon the court read again four of the instructions (which were pertinent to the inquiry made), and told the jury orally that the defendant was charged with keeping a gaming house, and with permitting persons coming together to gamble, and that if they found him guilty on one or more counts, they must specify which ones. The remarks made by the court were not within the statutory inhibition relating to instructions.

The spirit and intention of the law undoubtedly is, that in the use of the term instruction, reference is only had to the statements of the law made by the court to the jury, and which are to govern them, as a matter of law, as to the substance of their verdict. In such case it is undoubtedly the law that such instructions must be in writing, and that they can not be modified, altered, enlarged or diminished orally. So to do would be a violation of the statute, Loth in its letter and spirit.

The most that can be claimed by the plaintiff in error is that the statement, thus orally made, were *remarks* calculated to prejudice his rights before the jury. While we feel that trial courts can not be too cautious in making remarks in the presence of the jury, we are satisfied that the defendant in this instance was in nowise prejudiced. The inquiry of the jury was simply as to the effect of finding the defendant guilty on one or seven of the counts. Inasmuch as the jury found him guilty on but one count, and the court fixed the fine at the lowest amount under the statute, no harm was done him by the court's oral statements in response to the inquiry.

The verdict of a jury will not be set aside for improper remarks made by the trial court, not prejudicing the defendant's case. Beasley v. The People, 89 Ill. 571; Skelly v. Boland, 78 Ill. 438. We see no reason for interfering with the verdict.

*Judgment affirmed.*