## JAMES WATKINS v. THE UNITED STATES.

1. CRIMINAL LAW—*Deceased Witnesses—Depositions of Taken in Other Actions.* The depositions of witnesses, taken and used in a former civil action or proceeding, are not made competent evidence in a criminal action by showing that the witnesses are since deceased, notwithstanding, that the facts in controversy are the same in both cases. At the common law, the defendant, as well as the public prosecutor, must produce his witnesses on the trial. Depositions of witnesses in criminal cases are competent only when authorized by statute. The statutes of this territory make no provision, for showing *by deposition*, the testimony of a witness, since deceased, given in another action or proceeding.

2. WITNESSES—*Cross-Examination Limited.* The court has a large discretion to control and limit the cross-examination of witnesses; and where a witness is incompetent for want of knowledge to testify concerning the matters of which he is called to testify and testifies to nothing material to the issue in the cause, it is not error for the court to refuse to permit him to be cross-examined by the defendant.

3. INSTRUCTIONS. It is not error to refuse a proper instruction, asked by the defendant, if in the instructions given, the law of the case is fully and properly stated.

4. NEWLY DISCOVERED EVIDENCE. Where a defendant had, long prior to the trial of his cause, full knowledge of what an absent witness would testify to if present, and such witness could not be found before trial, defendant is not entitled to a new trial on the grounds of newly discovered evidence.

*Error from the District Court of Logan County.*

The defendant, James Watkins, was convicted on February 26, 1896, of the crime of perjury, and sentenced to the United States penitentiary, at Leavenworth, Kansas, for the period of two years, and to pay a fine of one dollar, from which judgment of conviction and sentence he appeals.

*Cotteral & Hornor*, for plaintiff in error.

C. R. Brooks, United States Attorney, T. F. Mc-Mechan and Roy Hoffman, Assistant United States Attorneys, for defendant in error.

The opinion of the court was delivered by

TARSNEY, J.:   On the trial of this cause, the defendant offered in evidence the depositions of one John A. Watkins, and one Ardill R. Johnson, taken before the register of the United States land office on the 10th day of February, 1890, in contest proceedings there pending, between said John A. Watkins and one Charles E. Schofield.   The testimony of the defendant herein, upon which the indictment for perjury was founded, and which was alleged to be false, was given in subsequent proceedings in said land contest, wherein the heirs of said John A. Watkins and said Charles E. Schofield were parties.   The facts testified to in said depositions, were the material facts involved in the issue in this cause.

When said depositions were offered in evidence, it was admitted by the United States that the said John A. Watkins and the said Ardill R. Johnson were dead. The court excluded said depositions, and defendant excepted,

There is no question as to the relevancy or materiality of the testimony contained in said depositions.   The only question arises upon their competency.   The common law has not authorized any such proceeding in criminal cases.   At the common law the defendant as well as the public prosecutor must produce his witnesses on the trial.   The general rule of the common law confirmed by our constitutions requires the evidence to be delivered personally and orally, before the same triers, who are to pronounce the verdict of guilty or not guilty, (*People v. Restell*, 3 Hill, [N. Y.], 287; Weeks. Dep. §

558; 1 Chit. Cr. L 612; Bishop New Crim. Procedure, § 1194; *Kaelin v. Commonwealth*, 84 Ky. 354).

The legislature has the right to allow defendants in criminal cases to take and use the depositions of witnesses in their behalf. There is no constiutional inhibition against the state allowing defendants in criminal cases to take and use the depositions of witnesses. The constitution entitles the accused in criminal and penal cases to meet his accusers face to face, and to be confronted with the witnesses against him. The state therefore cannot authorize the taking and using of depositions of witnesses against him, but he may use the depositions of witnesses in his behalf under any state of case that the legislature may allow. His right however in this regard is controlled by the legislature. (*Kaelin v. Commonwealth*, *supra*). The legislature of this territory has provided that the defendant in a criminal case may take the depositions of his witnesses to be used in his behalf in the following cases; Where the witness is about to leave the territory or is so sick or infirm as to afford reasonable grounds for apprehending that he may be unable to attend the trial; where the witness resides outside the territory; where the witness is under criminal charge; is a prisoner in a territorial prison or in a county jail of a county other than that in which the defendant is to be tried. In these cases, only, does the statute provide for the admission of depositions in criminal cases, and such depositions must be taken after the proceedings have been begun in the cause. Nowhere does the statute provide for the admission of depositions of witnesses taken in other causes or proceedings where the witnesses have since deceased or for any other reason. (Stat. of Okla. 1893, art. 18, ch. 68).

Neither by common law nor statute then is there any authority for admitting in the trial of a criminal cause depositions of witnesses taken to be used in other actions or proceedings. We are not called upon here to decide whether or not the testimony of a witness taken on a previous trial of the same cause or in another cause where the parties are the same and the issue the same, and who has since deceased, might not be shown in evidence according to the principles of the common law in civil cases. We only hold here that such testimony given in another action cannot be shown *by deposition*, as neither the common law nor the statutes provides such procedure. In offering this deposition, the defendant made no showing, except that the witnesses were dead. The statement of counsel, in offering such deposition, shows that under no rule, not even that of the common law in civil cases, was the evidence admissible. It was not taken when and where the adverse party, in this case, had the right of cross-examination; it was not taken in any action or proceeding between the parties herein; it was taken in a proceeding in the land office between John A. Watkins, one of the deceased witnesses, and Charles E. Schofield, while this is an action between the United States of America and James Watkins. The United States was not Charles E. Schofield, nor in any way privy to said Schofield.

In a recent case in Arkansas the appellant, who was tried upon an indictment for embezzlement as state treasurer, offered in evidence the deposition of a witness taken by the state in a case then pending wherein the state was plaintiff and the appellant and the sureties on his official bond were defendants. It was admitted by the state that the witness whose deposition was offered had been duly summoned to testify for defendant on the trial

of the criminal action and that he had since died. In that case the court held that a deposition taken in a civil cause between the same parties was not rendered admissible by the death of the witness and that the deposition was rightly excluded. (*Woodruff v. State*, [Ark.], 32 S. W. Rep. 103).

We think the depositions offered in this case were properly excluded.

II. On the trial of this case, the prosecution introduced one Charles Ham as a witness. The preliminary questions propounded to him developed the fact that he had no knowledge concerning the matter of which he was called to testify; and that he was incompetent to testify, being excused by the prosecution, the defendant, by counsel, demanded the right of cross-examination. The court ruled that witness had testified to nothing which would give the defendant the right of cross-examination, and instructed the jury not to regard the testimony of the witness in any way, shape or manner, as he had testified to nothing material to the case. To this instruction, and the refusal of the court to permit the witness to be cross-examined, the defendant excepted and assigns error. There was no error in this, which would warrant our disturbing the judgment. The extent to which a cross-examination will be permitted is largely in the discretion of the judge, and we do not think it necessary that we should now determine whether a cross-examination shall be confined to matters testified to upon the examination in chief or whether it may extend to matters of defense. Our Statute, § 13, art. 16, of the code of criminal procedure, Laws 1893, provides that, "On an appeal the court must give judgement without regard to technical errors or defect, or to exceptions which do not affect the substantial rights of the parties."

We do not see how the substantial rights of the defendant could have been affected by the action of the court in this instance. The witness had testified to nothing prejudicial to the defendant, the court so instructed the jury. The defendant then had the right to make the witness his own. He was no more injured by the refusal to permit a cross-examination when the witness had testified to nothing material, that he would have been, had the witness not been called to the stand.

III. The court did not err in refusing the instruction asked by the defendant. The court gave to the jury an instruction which embodied and correctly embodied the principle of law stated in defendant's instruction as asked. The instruction given by the court more fully and in better language stated the law of the case. It is not error to refuse a good instruction, if the same proposition of law is correctly stated in other instructions given.

IV. The argument of counsel for defendant upon the assignment of error in the overruling of the motion for a new trial asked on the ground of newly discovered evidence, is nearly all devoted to the discussion of the weight and sufficiency of the evidence that is in the record, and this argument would have been better addressed to the jury trying the cause than to this court upon appeal. An examination of defendant's affidavit in support of the motion for a new trial on account of newly discovered evidence shows that, as to some of the witnesses, that, if they have any knowledge of the facts in issue in this case, the defendant by the exercise of proper dilligence could have learned of such knowledge in time to have produced their testimony on the trial of the cause; and as to the principal witness relied upon, in the motion for a new trial, namely, Jesse Ansel, while the

showing made by the defendant might be considered a strong showing upon an application for a continuance of the cause before trial, it is not brought anywhere near within the rule which would justify the granting of a new trial on the ground of newly discovered evidence. The defendant's affidavit shows that the witness, Ansel, was a witness in the proceedings in the land office with the defendant; that his testimony was fully preserved therein; he does not pretend a lack of knowledge as to what the witness would testify had he been present at the trial, but only shows that the whereabouts of the witness could not be found or ascertained at the time of the trial, although he had made dilligent search for a long time prior thereto to ascertain his whereabouts.    To be grounds for a new trial, the knowledge of what the witness would be expected to testify must have come to the defendant after it was too late to be procured and used upon the trial.    The defendant, with full knowledge of what Ansel might have sworn to, had he been present at the trial, knowing of his absence and that his whereabouts was unknown, without making application for a continuance, announced himself ready for trial and went to trial.    His application for a new trial, on the grounds of newly discovered evidence, was properly overruled.

No other errors being assigned that calls for our consideration, the judgment herein must be affirmed.

Dale, C. J., having presided in the court below, and Keaton, J., having been of counsel, not sitting; all the other Justices concurring.