## F. D. YINGLING v. W. H. REDWINE.

### (Filed July 18, 1902.)

1. **MORTGAGE DEFINED.** Every instrument purporting to be an absolute conveyance of real estate or any interest therein, but intended as security for the payment of money, shall be deemed a mortgage, and must be recorded and foreclosed as such.

2. **PAROL EVIDENCE—Admissible, When.** Parol evidence is admissible to show that an instrument purporting to be a warranty deed, was in fact executed as security for the payment of money.

3. **DEED—Mortgage Defined.** When a deed, absolute on its face, is shown to be a mortgage in fact, the rights of the parties to such instrument will be measured and determined by the law governing the rights of parties under a mortgage.

4. **MORTGAGE—Possession Under.** In the absence of a specific agreement to the contrary a mortgagee is not entitled to possession as against the mortgagor, although the mortgage purports on its face to be a deed absolute.

5. **EVIDENCE—Cross-Examination.** The latitude allowed on cross examination of witnesses is largely within the discretion of the trial court, and unless such discretion has been abused to the manifest injury of the complaining party, a cause will not be reversed for such errors.

6. **DEMURRER TO EVIDENCE—Sustained, When.** The trial court should sustain a demurrer to the evidence whenever all the evidence, and the reasonable and rational inferences and deductions therefrom in favor of the plaintiff, taken as true, will not warrant a verdict for the plaintiff.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, Trial Judge.*

C. J. *Wrightsman* and E. M. *Clark,* for plaintiff in error.

A. J. *Biddison,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, F. D. Yingling, brought his action in the probate court against the defendant in error, W. H. Redwine, for forcible detainer, and to recover possession of lots one to eight inclusive, in block thirty-five in the town of Pawnee, Oklahoma. Yingling recovered judgment in the probate court, and Redwine appealed to the district court. Trial was there had to a jury, and after the plaintiff had introduced his evidence and rested, the defendant demurred to the evidence; the court sustained the demurrer, discharged the jury and gave judgment against the plaintiff for costs. From this judgment the plaintiff, Yingling, appeals to this court, and complains of the ruling of the trial court in sustaining the demurrer to the evidence and discharging the jury.

In October, 1898, the defendant, Redwine, was the owner of the real estate in question, and on October 25, 1898, conveyed the same by warranty deed to F. D. Yingling.

On October 31, 1898, by a written instrument duly executed, Yingling leased to Redwine the real estate in question, at an annual rental of $52.50 per year, and agreed to reconvey to Redwine the real estate at any time within the five years on payment to him of the sum of $700. Redwine remained in possession of the property, and on December 19 entered upon the margin of the records where said lease was recorded in the office of the register of deeds, a written release of all rights, options and privileges under said lease. On the trial of the cause, the plaintiff relied upon his deed and the release above referred to, together with proof of service of a notice to quit. The court, on

cross examination of plaintiff's witnesses, permitted the defendant to show that at the time the deed and lease were respectively executed, that Redwine was indebted to Yingling in a considerable sum; that the deed was executed as security for the payment of a portion of said sum, and that it was agreed between the parties that Yingling would reconvey the real estate to Redwine at any time he should pay on said indebtedness a sum equal to the agreed value of the real estate.

By section 12, ·chapter 8, Session Laws 1897, it is provided:

"Every instrument purporting to be an absolute or qualified conveyance of real estate or any interest therein, but intended to be defeasible, or as security for the payment of money, shall be deemed a mortgage, and must be recorded and foreclosed as such."

Parol evidence is admissible to show that a conveyance of real estate, absolute on its face, was given as security for the payment of money, and when such proof is made, it is the duty of a court to treat such instrument as a mortgage, and determine the rights of the parties thereto as under a mortgage.

The evidence in this case clearly established the fact that Redwine executed the deed to Yingling and conveyed to him the real estate as security for the payment of an indebtedness previously incurred. The lease from Yingling to Redwine was for the purpose of carrying out a plan by which Yingling was to hold the real estate as security; Redwine was to pay a rental equal to the interest on the debt, and on payment of the principal Yingling was to reconvey to Redwine.

It is contended by the plaintiff in error that Redwine released his interest and rights in and under the lease, and that the right of possession then reverted to Yingling. This contention would be well founded, had Yingling taken an absolute title under his deed, but such was not the case. He in fact only had a mortgage on the real estate, and in the absence of a specific agreement to the contrary, a mortgagee is not ordinarily entitled to possession until after foreclosure and sale. His rights were to be measured and determined by the rights of a mortgagee, and when at his request as was sworn by the evidence in the case, the lease to Redwine was by mutual agreement canceled and released, Redwine was left in lawful possession of his own property.

According to plaintiff's own contention, the lease executed on October 31, 1898, was released and canceled. Yingling testified that he paid Redwine $100 to induce him to cancel this lease and to execute a new one, coupled with some other conditions. It was shown that a second lease was written up and signed by the parties, by which Redwine agreed to pay rent for the real estate, and Yingling agreed to reconvey to Redwine on payment of $1,000. But plaintiff denied the validity of this lease, and introduced evidence to show that it had never been delivered. He is bound by his own testimony. If the second lease had been relied upon by plaintiff to recover for non-payment of rent, the defendant would probably have been estopped from questioning its terms, and although it, with the deed and the intention of the parties would have together been held a mortgage, yet the right of possession would by the terms of the agreement have been in the plaintiff. It is contended that the court erred in permitting the defendant to make a case on

cross ·examination of plaintiff's witnesses. The issue in the case was the right of possession; the plaintiff relied upon his deed and title, and introduced the first lease and the release of same on margin of the record. The character of these instruments became a proper matter of inquiry, and if there was any parol agreement by the parties, by which the effect was different from what was apparent on the face of the instrument, we can see no serious error in permitting it to be brought out on cross examination of the party who offers them. The question of the propriety or extent of cross examination is one largely within the discretion of the trial court, and where there has been no abuse of such discretion to the manifest injury of the complaining party, the cause will not be reversed.

We think there was no error in the court sustaining the demurrer. Where all the evidence offered by the plaintiff with the reasonable inferences and deductions therefrom are taken. as true, and yet the plaintiff would not be entitled to a verdict, then the court should sustain a demurrer, and discharge the jury.

The evidence offered by the plaintiff showed beyond question that the deed offered in evidence was excuted as security for the payment of money; that the defendant was the owner in fact; that he was in possession; that the lease by which he agreed to be a tenant to Yingling had been mutually abandoned and canceled, and that the last lease had never been executed. Under this state of facts, the plaintiff was not entitled to possession.

While in this kind of an action title to real estate will not be tried, yet the title and the right to title, as well as

the character of the title of each claimant, may be inquired into sufficiently to enable the court to determine the right to possession.

The judgment of the district court of Pawnee county is affirmed at the cost of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.