## THE CITY OF GUTHRIE v. MOLLIE CAREY.

(Filed June 7, 1905)

1. **TRIALS—Instructions—Remarks by Trial Judge to Counsel.** The remarks made by a judge to counsel during the progress of a trial, are not instructions to the jury. It is next to impossible for a case to progress without some remark between judge and counsel, usually in the nature of inquiries. When remarks made by the judge in the progress of a trial are not calculated to mislead the jury or prejudice the party complaining, it is not ground for reversal.

2. **SAME—Observations of the court to counsel in the hearing of the jury,** during the progress of the trial, though open to criticism, if of but slight importance, and only possibly, not probably, injurious, will not be sufficient to warrant a reversal, where the jury were properly instructed that they were the sole judges of the evidence.

3. **EXAMINATION OF WITNESSES.** Cross examination is intrusted largely to the discretion of the trial judge, and unless there is a plain abuse of that discretion, the case will not be reversed for errors in this particular.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*James Hepburn* and *Lawrence & Houston,* for plaintiff in error.

*Dale & Bierer* and *Brown & Stewart,* for defendant in error.

### STATEMENT OF FACTS:

This was an action brought by the plaintiff below, Mollie Carey, in the district court of Logan county, against the city of Guthrie, for personal injuries alleged to have been caused by a fall on defective sidewalks in said city on or

about the 19th day of March, 1902.  Case was tried in December, 1903, before a jury, verdict rendered for the plaintiff and against the defendant for the sum of seventeen hundred dollars.  Motion for a new trial was filed, overruled, and judgment rendered on verdict.  Defendant excepted and case is brought here for review.

Opinion of the court by

IRWIN, J.:  In this case there was practically but one assignment of error, and that is that the trial judge during the progress of the case made prejudicial remarks to counsel for defendant which influenced the jury in its decision.  We have carefully examined the record, and we think that the remarks of the trial judge as stated in the record, do not bear out this contention.  While it is no doubt true that the remarks of the trial judge were open to some degree of criticism, we do not think that they would have been understood by the jury as expressing any opinion as to the merits of the case, or as to the credit or discredit of any witness.  Every unguarded expression of the judge, in stating reasons to counsel for his rulings, cannot be treated as a ground for granting a new trial.  While a trial court should be exceedingly cautious in his language in the presence of the jury in regard to any matter that may arise in the trial of a case, the decision of which is submitted to the jury, still we know as a matter of common experience, that it would be almost impossible to go through the routine of an ordinary trial in a court of justice, and the ordinary questions and controversies that arise between counsel as to propositions of law on the admission of evidence, for the court to entirely refrain from taking any part in the discussion, or from occasionally mak-

ing some remark in the case.   But we take the rule to be, that no remarks of the court should ever be considered as reversible error, unless it be shown that by a reasonable construction of the language, and a reasonable understanding of his words, they would have a tendency to prejudice one side or the other in the mind of the jury.   The remarks of the presiding judge in this case as shown by the record we think are not susceptible of this construction, and we think that if the language used could, by any stretch of imagination, be considered as having a prejudicial influence in the mind of the jury, that influence was certainly removed by the instruction the court gave the jury as shown on page 114 of the record.   The court there says:

"I will say to the jury that the controversy between court and counsel in reference to that matter, is not for your consideration, and you will disregard it entirely; it has no relation to the facts in the case which you are to determine, and is only a matter of propriety I was talking about with the counsel in the case, and it is not a matter for your consideration and you will disregard it entirely."

This plain and candid statement by the court to the jury would certainly, to any fair minded and reasonable jury, relieve the remarks from any insinuation or expression of bias or prejudice in favor of either side in the case.

We have examined the cases cited by counsel for plaintiff in error, and we think that this distinction between the case at bar, and the cases cited, runs all through those decisions. In the decisions there cited the remarks of the court were always in regard to some material matter then pending for decision before the jury, and were such as to express, or give to the jury an idea of the opinion of the court upon those

propositions. Of course, such an expression, made by the trial judge in the presence of the jury, would be reversible error, but we think that the remarks of the trial court in this case are not open to this criticism.

In *Deshler v. Beers*, 32 Ill. 368, the supreme court there say:

'    "That the remarks made by a judge to counsel during the progress of a trial are not instructions to the jury. It is next to impossible for a cause to progress without some remarks between judge and counsel, usually in the nature of inquiries. When remarks made by the judge, in the progress of a trial are not calculated to mislead the jury, or prejudice the party complaining, it is not ground for reversal."

Again in *Skelley v. Boland*, 78 Ill. 438, the court said:

"Interference by the court through remarks or otherwise may be improper, but not ground for reversal unless such interference is calculated to influence the findings of the jury. Nor are statements of the trial judge as to what the evidence on certain points is, made in ruling on objections to evidence, ground for a new trial, where the jury were properly instructed that they were the judges of the evidence."

Now we think a trial judge is allowed large discretion in conducting trials. All the law requires of him is that he shall in no manner express his opinion as to the weight of the evidence offered by either party. Observations of the court to counsel in the hearing of the jury, during the progress of the trial, though open to criticism, if of but slight importance, and only possibly, not probably injurious, will not be sufficient to warrant a reversal. (*Chattanooga R. and C. R. Co. v. Palmer*, 80 Ga. 161).

In the case of *Birmingham Fire Insurance Co. v. Pulver*, 126 Ill. 329, that court said:

"Every unguarded expression of the judge, in stating reasons to counsel for his rulings, cannot be treated as a ground for granting a new trial; to do so would be to greatly embarrass the administration of justice."

Another complaint made by plaintiff in error is, that the court improperly permitted cross examination of the witness Dr. Smith. We have examined the record, and do not think there is anything in this contention which constitutes reversible error. In the case of *Watkins v. United States*, 5 Okla. 733, this court has held that the question of cross examination is largely in the discretion of the trial judge, and we think the record in this case shows nothing in this particular that was unfair, or unreasonable, and we believe .that the trial judge was justified in permitting the cross examination for the purpose of determining, if possible, the bias or prejudice, of the witness toward the plaintiff, if any such there was.

We have examined this entire record, and from it we are satisfied that a fair and impartial trial has been had, and it seems to us that substantial justice has been done. For these reasons, the judgment of the district court is affirmed, at the costs of the plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.