## ST. LOUIS & S. F. R. CO. v. HOUSTON.

No. 764.   Opinion Filed January 10, 1911.

1.    **RAILROADS—Negligence—Failure to Sound Bell and Whistle— Evidence—Admissibility.** Ringing the bell and sounding the whistle of a locomotive are the ordinary methods of warning persons and animals who seem to be in a place of danger from approaching trains of their peril, and in such cases evidence tending to prove a failure to do so is proper to go to the jury on the question of negligence, whether the signals are required by statute or not.

2    **APPEAL AND ERROR—Harmless Error.** The Supreme Court is required by statute to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party.

(Syllabus by the Court.)

*Error from Caddo County Court; W. W. Vaughan, Judge.*

Action by Wm. Houston against the St. Louis and San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *Stevens & Myers,* for plaintiff in error.

KANE, J.   The petition alleged in substance that the plaintiff, defendant in error here, was loading a car belonging to the defendant, plaintiff in error here, with cotton seed, which car had been placed on the defendant's side track by the defendant for loading, and that while loading said car he was at a place where he had a right to be. That while so loading said car, the defend-

ant wantonly, negligently, and carelessly ran a passenger train into plaintiff's team, which at that time was hitched to the plaintiff's wagon, from which he was unloading said cotton seed into the defendant's car. That at said time said plaintiff was north of the defendant's depot, and the defendant's train was nearing the depot, and the defendant negligently failed to blow the whistle and failed to ring the bell, and gave no alarm whatever, and, as aforesaid, wantonly and negligently ran into plaintiff's wagon and team, fatally wounding one of plaintiff's horses and breaking the plaintiff's wagon tongue and wounding and bruising the plaintiff. That the horse killed was reasonably worth $150; that said wagon was injured in the sum of $20; and that said defendant was disabled from work for a period of four days, which was reasonably worth $2.50 per day, and was so wounded and suffered such mental pain as to damage him in the sum of $500. The answer was a general denial and an allegation to the effect that if the said plaintiff sustained injuries to either his person or property, it was due to his own carelessness and want of care. The reply was a general denial. Upon trial to a jury, there was a verdict for the plaintiff in the sum of $150, upon which judgment was entered. To reverse this judgment, this proceeding in error was commenced.

Among the assignments of error is one to the effect that it was error to admit the testimony of Judge Holding as to the failure of the plaintiff in error to ring the bell and sound the whistle. Bearing on this question, the evidence tends to show that, in order for the plaintiff to unload the cotton seed in the manner alleged, it was necessary to so place his team and wagon that a train could not pass on the main track without colliding with them; that this was the situation of the plaintiff when the accident occurred. There is also some evidence to the effect that there was a street crossing about one hundred feet from the point the accident occurred in the direction from whence the train that caused the injury approached. There is no contention on the part of the defendant in error that the engineer violated the section of the statute which makes it a misdemeanor for an engineer to omit to cause the bell

to ring or a steam whistle to sound at a certain distance from the place where the track crosses a public way, and there was no instruction asked or given presenting that theory to the jury. The evidence as to giving signals seems to have been introduced for the purpose of showing that the railway company neglected some duty that it owed the plaintiff in the situation in which he was found. Ringing the bell and sounding the whistle of a locomotive are the ordinary methods of warning persons and animals who seem to be in a place of danger from approaching trains of their peril, and in such cases evidence tending to prove a failure to do so is proper to go to the jury on the question of negligence, whether the signals were required by statute or not. We think that that is the situation here, and that on that theory Judge Holding's evidence was admissible.

There are other errors assigned, but, after a careful examination of the record, we are convinced that there was no reversible error committed by the court below. The case was submitted to the jury upon instructions substantially complying with the law, and, as there was evidence reasonably supporting their verdict, it will not be disturbed. The Supreme Court is required by statute to "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." Section 4344, Wilson's Oklahoma Statutes; *Mullen v. Thaxton,* 24 Okla. 642.

The judgment of the court below is affirmed.

All the Justices concur.