DIAMOND *et al.* v. INTER-OCEAN NEWSPAPER CO.

No. 921.   Opinion Filed July 11, 1911.

(116 Pac. 773.)

1. **ALTERATION OF INSTRUMENTS—Effect Against Party Making Alteration.** On the principle that no one can take advantage of his own wrong, an alteration of the instrument by one of several obligors or promisors does not affect the validity thereof as against the party making the alteration.

2. **APPEAL AND ERROR—Harmless Error.** The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

*Error from Muskogee County Court; W. C. Jackson, Judge.*

Action by the Inter-Ocean Newspaper Company against J. G. Diamond and G. M. Swanson. Judgment for plaintiff, and defendants bring error. Affirmed.

*N. A. Gibson* and *H. C. Thurman,* for plaintiffs in error.

*Preston C. West* and *Robert Toomer,* for defendant in error.

KANE, J.   This is an action, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover the amount bid by one of the defendants for certain real estate at an execution sale.   In connection with the transaction was executed a certain written instrument, a copy of which was incorporated into the petition, wherein Diamond is designated as principal, and Swanson as surety, which pur-

ports to evidence the indebtedness alleged between the plaintiff and defendants; but as the petition charges a joint obligation, and the case was tried upon that theory, we will so treat it. The main defense was that the instrument was materially altered after its execution, and therefore the defendants were not liable. Upon trial to a jury there was a verdict "for the plaintiff, Inter-Ocean Newspaper Company, and against the defendant G. M. Swanson," upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

That this case was commenced and prosecuted upon the theory that the parties who signed the bond were joint obligors is apparent from the following instruction, which was given by the court without objection:

"You are instructed that, if you find from a preponderance of the evidence that the bond at issue was signed by these defendants and that the erasure was consented to by them, or either of them, you should find for the plaintiff and against the defendant giving consent to such erasure. If you find from the testimony that such erasure was not made by either Diamond or Swanson, and not consented to by either of them, you should find for the defendants, or either of them, who did not consent to such erasure. You are further instructed that, if you believe from a preponderance of the evidence that G. M. Swanson caused the insertion to be made in the bond, and that plaintiff's attorney refused to accept the bond, and that defendant Swanson erased that part of the bond, or consented to such erasure, and delivered the bond to the plaintiff's attorney, he would be liable on the bond, and you will return a verdict for the plaintiff. You are further instructed that the purchaser of the land at execution sale gets such title as the execution debtor gets, and no more, and has to look out for himself as to the character of the land sold, and there is no warranty of title by the officer making the sale, or the execution creditor, and the fact that there is no title is no defense in payment of his bond."

There is practically no conflict in the evidence as to the interlineation, and the court stated the circumstances under which it was made in general language in that part of the above instruction specifically relating to Mr. Swanson. Under the instruction and the evidence adduced at the trial, there was little

for the jury to do but return a verdict against Swanson. Treating the parties as joint obligors, the instruction given states the law correctly. On the principle that no one can take advantage of his own wrong, an alteration of an instrument by one of several obligors or promisors does not affect the validity thereof as against the party making the alteration. 2 Am. & Eng. Encyc. of L. p. 217. The same volume of the same work states the general rule, at page 205, as follows:

"Generally speaking, even a material alteration, made in an instrument by the grantee or obligee after execution, does not void the writing, if the other party has consented to the change. * * * So a bond which has been materially altered by the obligor without the assent of the obligee is still enforceable against the obligor who made the alteration." (Page 217.)

Counsel urge further grounds for reversal, but an examination of the record discloses no error which to our mind affects the substantial rights of the parties. Under such circumstances, the judgment of the court below must be affirmed. Section 5680, Comp. Laws Okla. 1909.

It is so ordered.

TURNER, C. J., and WILLIAMS, J., concur; DUNN and HAYES, JJ., absent and not participating.