## CITY OF ANADARKO v. ARGO.

No. 2109.    Opinion Filed December 3, 1912.

(128 Pac. 500.)

1.    **APPEAL AND ERROR—Harmless Error.** The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal.

2.    **COMPROMISE AND SETTLEMENT — What Constitutes.** A "compromise" is an agreement between two or more persons, who, to avoid a lawsuit, amicably settle their differences upon such terms as they can agree upon.

3.    **EVIDENCE — Admissions — Compromise.** Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, if not accepted, cannot be proved against the party making them; but, where it does not appear that such admissions were made in confidence of a compromise, they will be admissible in evidence.

(Syllabus by the Court.)

Williams, J., dissenting.

*Error from District Court, Caddo County;*
*Frank M. Bailey, Judge.*

Action by Nellie Argo against the City of Anadarko. Judgment for plaintiff, and defendant brings error. Affirmed.

*Bristow & McFadyen,* for plaintiff in error.

*Ballinger & Maxwell,* for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Upon trial to a jury there was a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

There are two assignments of error argued by counsel for plaintiff in error in their brief, both based upon the action of the court in admitting certain evidence. It seems that prior to the commencement of the action the plaintiff filed her claim with

the city clerk, attaching thereto an affidavit, setting out in some detail the nature of the injuries sustained by her and the acts of negligence whereby they were inflicted. The court permitted this affidavit, together with the statement to which it was attached, to be admitted in evidence, at the same time stating to the jury that "this affidavit is simply read for the purpose of showing that the claim was presented to the authorities of the city of Anadarko for the alleged injuries in this case complained of." The objection to the introduction of this affidavit is to the effect that the statement of the nature of the injuries and how they occurred and the extent thereof contained therein tended to strengthen the plaintiff's own testimony on the same subject, and must therefore have had a prejudicial effect upon the minds of the jury. The court does not take that view of it. In the first place, we do not think the affidavit was inadmissible. The claim was filed in pursuance to section 703, Comp. Laws 1909, which provides .that no costs shall be recovered against the city in any action brought against it for an unliquidated claim, unless the same has been presented to the city council to be audited. Claims against the city must be verified under oath, and it does not seem that the affidavit, which is in the nature of a verification, sets out the nature of the claim and the circumstances under which it arose in unnecessary detail. Taking this in connection with the instruction of the court in relation to its admission, and that the evidence of the plaintiff and several other witnesses upon that phase of the case, which was practically uncontradicted, shows the averments of the affidavit not to be as vivid and full as the facts justified, we do not see how any substantial right of the defendant could be affected thereby, even if the admission of the affidavit may have been technically objectionable.

"The rule is well established that the improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal." (*Mullen v. Thaxton*, 24 Okla. 643, 104 Pac. 359.)

The other objection has to do with the introduction of evidence pertaining to the action of the city upon the claim filed by the plaintiff. The record shows that the city council appointed a

committee to investigate the matter, which committee, after full investigation, recommended the payment of $275 in full payment of the claim. Counsel for plaintiff in error say: "This testimony we think clearly shows an offer of compromise and was prejudicial to the rights of the defendant." Again we disagree with counsel. The action of the city in the premises lacks many of the elements of a compromise. The claim was presented; a committee appointed to investigate and report; the committee found that the city was indebted to the plaintiff in the sum of $275, and recommended the payment thereof; the report of the committee was accepted, and the committee discharged; and the city allowed the claim in the sum recommended. This amounted to no more than an admission on the part of the city of its liability to the plaintiff in the sum found by the committee. A "compromise" is an agreement between two or more persons, who, to avoid a lawsuit, amicably settle their differences upon such terms as they can agree upon. 6 Enc. of L. (2d Ed.) 418. There is a very marked distinction between an offer to compromise and admissions made without reservation or suggestion of compromise. 16 Cyc. 498. Admissions made expressly for the purpose of effecting a compromise of a matter under controversy, if not accepted, cannot be proved against the party making them; but, where it does not appear that such admissions were made in confidence of a compromise, they will be admissible in evidence. 1 Enc. of L. (2d Ed.) 714; *Campau et al. v. Dubois et al.,* 39 Mich. 274; *Kahn v. Traders' Ins. Co.,* 4 Wyo. 419, 34 Pac. 1059, 62 Am. St. Rep. 47.

The judgment of the court below must be affirmed.

TURNER, C. J., and HAYES and DUNN, JJ., concur; WILLIAMS, J., dissents.