## KIMBERLIN v. EPHRAIM.

No. 2312. Opinion Filed October 14, 1913.

On Rehearing December 9, 1913.

(136 Pac. 1099.)

1. **APPEAL AND ERROR—Libel and Slander—Harmless Error—Admission of Evidence.** In an action for defamation, where defendant pleads the general issue, evidence that the plaintiff has a brother, not a party to the action nor a witness, who is a fugitive from justice, is incompetent and not within the issues, but the admission of such testimony is not ground for reversal unless it clearly appears that the plaintiff was injured thereby.

2. **SAME.** In an action for defamation, where plaintiff in direct examination was permitted, without objection, to show his family connection, so far as favorable, in order to aggravate his damages, and defendant on cross-examination was allowed, over objection, to show further family connection unfavorable in mitigation of damages, a verdict for the defendant will not be set aside, and a new trial ordered, since it does not appear that the plaintiff was injured by the admission of such testimony.

(Syllabus by Galbraith, C.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by Kemper Kimberlin, a minor, by his mother, Mrs. S. B. Kimberlin, against Frank Ephraim for damages on account of slander. Judgment for defendant, and plaintiff brings error. Affirmed.

*Ben F. Williams* and *F. B. Swank,* for plaintiff in error.

*J. B. Dudley* and *John E. Luttrell,* for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error, a minor, commenced an action in the district court of Cleveland coun-

ty, by his mother as next friend, against the defendant in error, for damages for defamation on account of certain false, malicious, and defamatory words alleged to have been spoken and published of and concerning him, as follows:

" 'Kemper, did you steal my diamonds? Yes, you stole them, and I want you to tell me where they are.' Thereby charging the said Kemper Kimberlin with the crime of theft; that said statement was made to said Kemper Kimberlin in the public schoolhouse in the city of Norman, in Cleveland county, state of Oklahoma, and in the presence of a large number of students and other persons there assembled, whose names plaintiff is unable to allege at this time; that at the time said statement and charge was made by the said defendant, as aforesaid, he, the said defendant, without the consent and over the objections and protest of the said Kemper Kimberlin, by force and threats, forcibly thrust his hands into the pockets of the said Kemper Kimberlin and searched him, very much to the humiliation, mortification, and embarrassment of the plaintiff; that said statements were made orally and with the malicious intent and for the purpose on the part of the defendant to cause it to be said of and concerning the said Kemper Kimberlin, by other persons residing in Norman, Cleveland county, Okla., that he had been guilty of the crime of theft, and was grossly wanting in honor and uprightness, and was designated as a thief in said town, and with the malicious intent and for the purpose of causing it to be so believed of the said Kemper Kimberlin in the town of Norman, where he lives; alleging that said allegations were malicious and false, and were so known to be false by the defendant at the time they were made; alleging that the defendant is a man of great wealth and has a large business; and that his business and social standing is such that it gave great weight to his statements; and that the plaintiff has suffered great pain, anguish, and mortification on account of the shame and disgrace cast on him in the community in which he lives."

In an additional cause of action he alleges:

"That on the 19th day of February, 1908, said defendant, falsely, maliciously caused to be published in the Daily Oklahoman, a newspaper published in the city of Oklahoma, county of Oklahoma, state of Oklahoma, same having a general circulation therein, an article the caption of which reads as follows: 'Norman thief takes jewels worth $1,000.' That in causing said article to be published, the said defendant intended to have it understood by the general public in the city of Norman, and

state of Oklahoma, that the said Kemper Kimberlin ·was the person referred to in said article, and thereby charging said Kemper Kimberlin with the crime of theft."

The defendant answered by a general denial. The cause was tried to the court and a jury, and a verdict rendered in favor of the defendant. The plaintiff brings the case here on petition in error and case-made.

While many assignments are made in the petition in error, only two are argued in the brief, and the other assignments will, as a matter of course, be taken as waived. For convenience the assignments will be taken in reverse order to that in which they are presented in the brief.

A general exception was taken by the plaintiff in error to some twelve instructions of the court to the jury; but as this exception is general in form, under the rule established in this jurisdiction, it is not sufficient to justify this court in considering any particular instruction. *Eisminger v. Beman,* 32 Okla. 818, 124 Pac. 289, and cases there cited. For this reason the errors complained of in regard to the court's instructions cannot be reviewed.

The other assignment urged by the plaintiff in error is that the court overruled his objection to certain questions asked the plaintiff by counsel for the defendant in error on his cross-examination, whereby he was compelled to answer that he had a brother, Zay Kimberlin, who was accused of cattle stealing, and who forfeited his bond, and was at the time of the trial a fugitive from justice. It is contended by the plaintiff in error that this evidence was irrelevant and without the issues, and its admission over his objection was reversible error. The defendant in error justifies the ruling of the court on the ground that the plaintiff had proved by another brother and the mother of the plaintiff, who had preceded him on the stand, that this brother who testified was engaged in the clothing business at Norman, and had brought out the same fact by this witness in his direct examination, and that the purpose of the evidence was to show the business connection of the plaintiff in order to aggravate his damages, and that, since the favorable family connection of the plaintiff

had been brought out on direct examination, he was justified on cross-examination in showing other and further family connection unfavorable in mitigation of damages. It is clear that this evidence was irrelevant and without the issues of the case, since Zay Kimberlin, the fugitive, was not a party to nor a witness in the case. But was the admission of this testimony such an error as would justify this court in reversing the case and remanding it for a new trial? The defendant, having pleaded the general denial, did not attempt to justify the alleged slander, but denied it.

It appears from the record that the court in its instructions told the jury as a matter of law that the words alleged to have been spoken of the plaintiff by the defendant were actionable *per se*. The jury by their verdict found, in effect, that the defendant did not speak, or cause to be published, the slanderous words as charged in the petition. If the verdict of the jury had been for the plaintiff, then it might be contended that the admission of the irrelevant testimony complained of might have influenced their verdict, and induced them to give a less amount in damages than they would have done if this testimony had been excluded, and it might then have been apparent that the plaintiff was injured by the ruling of the court complained of. But since the verdict was for the defendant, it does not appear that the plaintiff was injured by this testimony, and, if he was not injured by it, it is not ground for reversal, although it was error to admit it. It is not every error of this kind that will entitle the complaining party to a reversal. The Legislature has limited the power of the court in this regard. Section 4791 of the Civil Code (Rev. Laws 1910) reads:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

See, also, *Woodward v. Bingham,* 25 Okla. 400, 106 Pac. 843; *St. L. & S. F. R. Co. v. Houston,* 27 Okla. 719, 117 Pac. 184.

The plaintiff had been permitted to show, without objection, that one of his brothers, Ezel Kimberlin, was engaged in the clothing business at Norman. This evidence, although admitted

without objection, was also irrelevant. Did this justify the defendant in bringing out on cross-examination the fact that the plaintiff had another brother who was charged with theft and was a fugitive from justice? The position of counsel for defendant in error finds support in excellent authority. Mr. Wigmore, in his work on Evidence (volume 1, par. 15), discusses the question:

"Does one inadmissibility justify or excuse another? If the one party offers an inadmissible fact which is received, may the opponent afterwards offer similar facts whose only claim to admission is that they negative or explain or counterbalance the prior inadmissible fact? * * * On this subject three different rules are found competing for recognition in the different jurisdictions. (1) The first is that the admission of inadmissible facts, without objection by the opponent, does not justify the opponent in rebutting by other inadmissible facts. This rule is represented by some English authority and by a respectable number of American jurisdictions. (2) At the other extreme is a rule which declares that in general precisely the contrary shall obtain, i. e., the opponent may resort to similar inadmissible evidence. This rule has also ample authority, and is perhaps to be regarded as the orthodox English rule. (3) A third form of rule. intermediate between the other two, is that the opponent may reply with similar evidence whenever it is needed for removing an unfair prejudice which might otherwise have ensued from the original evidence, but in no other case. This seems to be the true significance of what may be called the Massachusetts rule. The source of these divergent views is apparent enough. By the courts adopting the first rule the emphasis is placed upon the circumstance that the opponent did not in the first instance object; hence his waiver of objection leaves him without ground for maintaining that the original evidence was a wrong which estops the original offeror from now objecting. By the courts adopting the second rule, on the other hand, the emphasis is placed upon the original party's voluntary action in offering the evidence, by which he virtually waives future objection to that class of facts. Both these circumstances of waiver are true; it is simply a question of relative emphasis; hence the contradictory views. But it may be noted that under the first rule, in most all the cases, the counter evidence had been rejected below, while under the second rule, in almost all the cases the counter evidence had been admitted below, i. e., the courts under both rules reached practically the same result in that they refused to disturb the

ruling below. This points to the true rule, namely, that since each party is alike in the condition of *volenti non fit injuria, neither can complain of a ruling either admitting or rejecting;* a waiver being predicable of both. The matter is thus left in the hands of the trial court. Modify this in certain cases by conceding to the opponent, as of right, to use the curative counter evidence when a plain and unfair moral prejudice would otherwise have inured to him, and the rule will be sufficiently flexible."

The Supreme Court of Oklahoma Territory, early in its history, announced the rule that this question should be "left in the hands of the trial court," and its ruling should not be disturbed, unless manifest injury is shown to have resulted to the complaining party. *Watkins v. United States,* 5 Okla. 729, 50 Pac. 88; *Yingling v. Redwine,* 12 Okla. 64, 69 Pac. 810; *City of Guthrie v. Carey,* 15 Okla. 276, 81 Pac. 431; *Harrold v. Territory,* 18 Okla. 395, 89 Pac. 202, 10 L. R. A. (N. S.) 604, 11 Ann. Cas. 818. This court has followed the same rule:

"The improper admission or rejection of evidence, if not prejudicial to the party complaining, is not ground for reversal." (*City of Anadarko v. Argo,* 35 Okla. 115, 128 Pac. 500.)

See, also, *Mullen v. Thaxton,* 24 Okla. 643, 104 Pac. 359; *Diamond et al. v. Inter-Ocean News Paper Co.,* 29 Okla. 323, 116 Pac. 773; *St. Louis & S. F. R. Co. v. Rushing,* 31 Okla. 231, 120 Pac. 973; *M., K. & T. Ry. Co. v. Jones,* 32 Okla. 9, 121 Pac. 623.

An examination of the entire record in this case shows that the trial court was particularly liberal toward the plaintiff in his rulings during the course of the trial, and since the questions in the case were principally questions of fact, and these were submitted to the jury for determination and by the jury found in favor of the defendant, we feel that the verdict and judgment of the trial court ought not to be disturbed, and that the judgment appealed from ought to be affirmed.

ON REHEARING.

The petition for rehearing in this case presents one point that has challenged the serious consideration of the court, namely, whether or not the exceptions to certain instructions of the trial court were properly taken; it having been held in the original opinion that these exceptions were general and not sufficient to bring the instructions up for consideration. In view of the doubt suggested as to the correctness of that holding, we have carefully considered the instructions complained of, as well as other instructions given, and have reached the conclusion that the same fairly state the law of the case under the issues and facts proved and are convinced that the plaintiff in error had a fair trial before "a jury of his peers," and that the petition for a rehearing should be denied.

By the Court: It is so ordered.