## COSDEN OIL & GAS CO. v. MOSS et al.

### No. 24856.    Oct. 13, 1936.

J. C. Denton, R. H. Wills, J. H. Crocker, I. L. Lockewitz, and J. P. Greve, for plaintiff in error.

Wm. Blake and John H. Cantrell, for defendant in error.

WELCH, J.  In the trial court, Moss Webb, and Hill, as plaintiffs, sued the Cosden Company for damages for failure to complete a test well for oil and gas according to contract.

The facts were that the defendant company had obligated itself by agreement with plaintiffs to drill such test well to a depth of 2,000 feet, "unless oil or gas in paying quantities or a real granite formation was encountered at a lesser depth." The defendant drilled the well to a depth of 1,410 feet, when it discontinued the drilling of the well and abandoned the same without having found oil or gas; the defendant contending at all times that it did at that depth encounter a real granite formation justifying discontinuance and abandonment.

The plaintiffs sought to recover as damages a sum which would equal the reasonable costs and expense of drilling said well the balance of the distance to the contract depth, that is, from 1,410 feet to 2,000 feet.

The trial resulted in a verdict and judgment in favor of plaintiffs for $5,000, with interest at 6 per cent. per annum from June 1, 1919, the date defendant discontinued drilling and abandoned the well. From that judgment the defendant appeals, and presents specifications of error which we separately consider.

An important question is whether the trial court erred in admitting in evidence, over proper objections, a certain letter identified and offered in evidence by the plaintiffs. One Ira A. Koos, owner of the land on which the well was drilled, was a witness for plaintiffs. He was permitted to testify that he received a letter from E. S. Larson, a geologist in the United States Geological Survey at Washington, written upon official stationery, being a report of his findings as to certain sample cuttings from the well, and the letter itself was admitted in evidence. The plaintiffs offered the letter in their effort to prove that the well at the 1,410 feet depth had not encountered real granite formation. Mr. Larson was not a party to the action, and was never sworn as a witness. It cannot be contended that his letter written to Mr. Koos was admissible in evidence, and it is not so contended, but the plaintiffs contend there was no reversible error in its admission, because the defendant had theretofore introduced incompetent evidence of some similarity. The plaintiffs rely upon our former decision in Kimberlin v. Ephraim, 41 Okla. 39, 136 P. 1097, but we do not find that the matter here is brought within the rules of the Kimberlin Case. Here the inadmissible evidence, that is, the letter from Mr. Larson, touched a controlling issue in the case, that is, whether the well at 1,410 feet encountered a real granite formation justifying its abandonment, or whether, upon the other hand, it was arbitrarily and wrongfully abandoned at that depth without having encountered such granite formation. In the Kimberlin Case the incompetent evidence did not attack the primary controlling issue in the case, and the conclusion was there reached that the admission of that incompetent evidence was not grounds for reversal, as it did not appear that the opposing party was injured thereby.

The incompetent evidence here admitted is a letter from Mr. Larson which came from a recognized governmental source, written upon official stationery, and may have had great weight with the jury in determining the controlling primary issue in the case. We would not be justified at all in saying that this evidence did not prejudice the rights of the defendant. Of course the issues ought to be determined only upon competent evidence. While it is true that in some cases, as in the Kimberlin Case, we may not find reversible error in every in-

604

stance of incompetent evidence, yet in fairness and in justice we must require that controlling issues be determined by the jury without any incompetent and inadmissible evidence. If Mr. Larson examined authentic cuttings or samples, from this well which would show, or did show, that a granite formation was not then encountered, his testimony might be vital to the plaintiffs' case, but if so, his evidence must be presented in an orderly and legal manner and method, with the right of the defendant to cross-examine, and his evidence upon such a vital issue cannot be presented over proper objection merely by a letter written to an interested party or to a witness. The plaintiffs point out that the defendant had theretofore introduced incompetent evidence of a similar nature. We find that to be true, but also find that the evidence offered by the defendant was specifically not objected to by the plaintiffs. Furthermore, that evidence was not offered by the defendant in its primary effort to present substantive proof of this defense, but appears to have been provoked by inquiry in specific reference to it coming from the opposing side.

We deem it unnecessary to point out further distinguishing features between this case and the Kimberlin Case, supra. We have thoroughly considered the contentions and find that this case does not come within the rule of the Kimberlin Case. We conclude that the court committed reversible error in admitting in evidence, over the defendant's objection, the letter from Larson offered in evidence by the plaintiffs.

From the whole record we must also conclude that the court erred in giving instruction No. 7, as follows:

"You are instructed that the opinions of expert witnesses which have been admitted in this case are to be considered and given weight by you if you find that the evidence supports the facts assumed in the hypothetical question. It is not your duty to take for granted that the statements contained in the hypothetical questions which have been propounded to the witness are true. Upon the contrary, you are to carefully scrutinize the evidence, and from that determine what, if any, facts assumed in the hypothetical questions are true, and what, if any, are not true. Should you find from the evidence that some of the material facts therein stated are not correct, and that they are of such character as to entirely destroy the reliability of the opinions based upon the hypothetical questions, you may attach no weight whatever to the opinion based thereon.

"You are to determine from all the evidence what the real facts are, and whether they are correctly or incorrectly stated in the hypothetical questions; also, even though you find the facts stated in the hypothetical questions to be correct, you are not bound by the opinion of any expert witness, and it is within your province to determine the weight to be attached to the opinion and testimony of any expert witness."

Upon the controlling issue several expert geologists testified that the substance encountered at the 1,410 foot depth was a real granite formation. Such testimony was based upon inspection, examination, and analysis, and was not given in answer to hypothetical questions. No other instruction mentioned the testimony of expert witnesses, and in view of the entire record, the defendant is justified in its contention that this instrument may well have misled the jury or confused the jurors as to their duty in weighing the evidence. Though this instruction be deemed correct in a case where the only expert testimony presented is given in answer to hypothetical question, yet in any other character of case it should be more carefully restricted to that portion of the testimony which is given in answer to such character of questions.

It is undoubtedly true that expert testimony given in answer to hypothetical questions is of evidential value only in so far as the assumed state of facts is true, and that such testimony ought to be disregarded if given in answer to hypothetical questions not based upon facts. But such rule would not justify the jury in disregarding or discrediting the expert testimony in this case not given in answer to hypothetical questions, but based upon the expert knowledge of rock substance. It is of course true that it is within the province of the jury to determine the weight to be given to the testimony of the expert witness, but the jury in this case should not have been given an instruction so apt to confuse them concerning the rule of expert testimony given in answer to hypothetical questions. In a case of great preponderance of the evidence of plaintiff over that of defendant the giving of such an instruction might constitute harmless error or no error. That is in keeping with authorities cited by plaintiffs. But in this case there is no such preponderance of the evidence as to justify that conclusion. And as applied to the facts shown in this case, and all of the evidence presented, we conclude that the giving of this instruction was error.

In several prior decisions this court has found it necessary to reverse judgments

where inapplicable instructions were given and were liable to confuse the jury, though the instructions correctly stated abstract propositions of law. See City of Weatherford v. Rainey, 151 Okla. 183, 3 P. (2d) 153; St. Louis & S. F. Ry. Co. v. Dobyns, 57 Okla. 643, 157 P. 735, and other cases therein cited and discussed.

Other assignments of error are urged, but in view of our conclusions here stated, it is not necessary that they be considered.

The judgment is reversed, and the cause remanded for a new trial.

OSBORN, V. C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ., concur. McNEILL, C. J., dissents. BAYLESS and PHELPS, JJ., absent.